## HULL vs. THE STATE.

*Evidence—Rape—Consent.*

Proof of the woman's consent (not produced by fear) is always fatal to a charge of an assault with intent to commit a rape.

ERROR to the Circuit Court for *Monroe* County.
*Montgomery, Tyler & Dickinson,* for plaintiff in error.
*The Attorney General,* for the state.

DIXON, C. J. This was an indictment against the plaintiff in error for assault with intent to commit the crime of rape. The testimony was very voluminous, and the charge of the court long; but it is unnecessary to notice either, except as to the single question on which the case is here decided.

The judge, among other things, instructed the jury that much had been said on the question whether the prosecutrix consented or not; that for the purpose of the case it was immaterial whether she did actually consent or not; and that the evidence upon that point was only relevant in so far as it tended to show what the intention of the accused was. It is sufficient to observe that the consent here spoken of is not that yielding through force or fear which, when

the ravisher accomplishes his purpose, still constitutes the crime of rape, but the voluntary consent of the prosecutrix. The instruction was obviously erroneous. It was not immaterial whether the prosecutrix voluntarily consented or not; for if she did, and the jury had so found, the accused was not guilty of the offense charged. He was not, in the language of the indictment, guilty of an assault upon her with intent carnally to know and ravish her by force and *against her will*, which is of the essence of the offense complained of.

*By the Court.*—Exception sustained, and cause remanded with directions that the motion for a new trial be granted.