### BEN GREEN *v.* THE STATE.

1. CRIMINAL LAW. *Assault with intent to commit rape. Evidence. Case in judgment.*
   On a trial for assault with intent to commit rape, the evidence showed that the prosecutrix was riding alone on horse-back along the highway, when the defendant, a negro man and stranger, who had followed her on foot a short distance, ran up and caught her riding-skirt with one hand, whereupon she urged on her horse and escaped, the defendant fleeing in another direction. *Held,* that the evidence was insufficient to support a verdict of guilty.

2. SAME. *Conjecture. Mere probability of guilt insufficient to convict.*
   It is conjecture, and not an inference reasonably drawn from the evidence that the defendant intended a rape rather than robbery or murder. Mere probability of guilt of a particular crime, and that, too, springing more from instinct than from facts proved, cannot support a conviction.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

The appellant has been convicted of assault with intent to commit rape. The prosecutrix testified that she was riding in the daytime alone and on horse-back along the public road, about two miles from the town of Hazlehurst, when reaching a place where the public road crosses the railroad, she noticed a negro man standing on the crossing. Hearing a train approaching, she stopped and turned the horse's head towards the man, thinking, as she says, that he could assist her if the train frightened her horse. After riding two or three hundred yards beyond the crossing, she noticed that the man was following her on foot, evidently having traveled briskly, and she had ridden but little further when he came hurriedly up

behind her and caught her riding-skirt. She immediately uttered an outcry and urged on her horse, and the man, without having spoken, fled in another direction. The prosecutrix on the trial identified the defendant. This was all the evidence. The jury convicted the accused. He moved for a new trial because of the insufficiency of the evidence, and the motion being overruled, appeals.

*Ramsey & Willing,* and *H. B. Mayes,* for appellant.

The evidence must be sufficient to satisfy the jury beyond a reasonable doubt, not only that the prisoner intended to gratify his passion on the prosecutrix, but that he so intended at all events and notwithstanding resistance. *State* v. *Massey,* 86 N. C. 658; Roscoe's Cr. Ev., 811; *Joice* v. *The State,* 53 Ga. 50. Under the evidence, the intent might just as well have been to rob or murder. Unless violent presumptions be drawn from the race instinct of the African, the verdict is wholly unsupported by the evidence.

*T. M. Miller,* attorney-general, for the state.

COOPER, J., delivered the opinion of the court.

The evidence is insufficient to support the verdict of the jury. We may conjecture the purpose of the defendant to have been to commit a rape, but, on the facts disclosed, it is conjecture only, and not an inference reasonably drawn from the evidence. The probabilities may be greater that a rape was intended rather than robbery or murder, but mere probability of guilt of a particular crime, and that, too, springing more from instinct than from proved facts, cannot support a verdict of guilty.

There is great danger of improper convictions in cases of this character, and, while the court should not for that reason invade the province of the jury, the danger admonishes us of the necessity of standing firmly upon the right and duty of proper supervision and control of them.

*The judgment is reversed.*