STATE, Respondent, v. PERKINS, Appellant.

(141 N. W. 364.)

**Rape—Assault with Intent to Commit Rape—Sufficiency of Evidence.**
> The intent is the gist of the offense of assault with intent to commit rape, and mere proof that accused placed his hand on the private parts of a child aged seven years and tickled her, does not prove such intent.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Lawrence County. Hon. WILLIAM G. RICE, Judge.

The defendant, David Perkins, was convicted of the crime of assault with intent to commit rape, and he appeals. Reversed, and new trial granted.

*Harry P. Atwater,* for Appellant.

Accepting the evidence of the state as being absolutely true, we contend that there is not sufficient evidence for a jury to say that the defendant intended to commit the crime of rape. It is not the purpose of defendant to contend that it is necessary to have the consent of the assaulted, but it is the contention that there must be some evidence showing the intent to commit the crime charged, and though the defendant may have taken some liberties with the person of the child there is no evidence from which it could be said that it was the intention of the defendant to commit the crime of rape.

In the the case at bar the defendant is shown to be a man somewhat advanced in years, married, and living with his wife in adjoining property. The scene of the alleged assault was in a very public place, and not in such a place as would likely be the scene of such a crime. The evidence shows that not only was this close to the home of the young girl, but close to the home of the defendant, and that the scene was right in view of an alley which was used as a common passage way through which a number of people passed in going to and from their homes.

We find that nearly every state where such convictions have been held there was a statute making it criminal to take indecent liberties with the person of a female and under the laws of the state of South Dakota there is no such statute. We believe the rule is laid down properly in 33 Cyc. 1335:

"Mere solicitation is not sufficient to constitute either an attempt or an assault with intent to rape. It is also necessary that there shall be an intent to have intercourse with the girl, and not merely to take indecent liberties with her person; and the assault and intent must concur as to time.

"Before there can be a conviction in such a case there must be not only the criminal intent but overt acts towards the commission of the offense must be proven, and the attempt must progress sufficiently towards execution to clearly show the criminal intent of the defendant." In re Lloyd, 33 Pac. 307, 51 Kan. 501; Croomes v. Texas, 40 Tex. Cr. R. 672, 51 S. W. 924, and 53 S. W. 882.

"The intent is the gist of the offence, and every laying on of hands upon a female under the age of consent, even though improper, does not necessarily imply an intent to have sexual intercourse. Indecent liberties may be taken with a child without any such intent." Id., citing, People v. Sheffield, 105 Mich. 117, 63 N. W. 65.

"There must be some circumstances in the case as will demonstrate the purpose and intent of the party charged to have carnal knowledge of the female under the age of consent." State v. Riseling, 186 Mo. 521, 85 S. W. 372. Also, O'Brien v. State, 40 S. W. 969.

"That a man may have produced in the mind of a female a sense of shame or other disagreeable emotion is not sufficient to

constitute an assault with intent to rape." Fewox v. State, 90 S. W. 178.

"To constitute assault with intent to rape a girl under fifteen there must be a taking hold of the girl in such manner as to indicate the specific intent to have carnal knowledge of her and the mere fact that an accused may have produced in the girl's mind a sense of shame or other disagreeable emotions or constraint is not sufficient." Carter v. State, 70 S. W. 971; Hudson v. State, 90 S. W. 177.

There having been no evidence that should have been submitted to the jury, it was the duty of the court to grant a new trial, and in denying plaintiff's motion for a new trial court erred.

In reply.

Appellant admits that there is a slight conflict in the testimony; however, appellant's contention is not that the verdict should be set aside because of the conflict of the testimony, but that the verdict should be set aside for the reason that there was not sufficient legal testimony to sustain the verdict. That regardless of any conflict in the testimony, the state failed to make out a case. In nearly all of the cases cited by the attorney general, the rule is recognized that there must be legal testimony to sustain the verdict, regardless of any conflict in the testimony.

In an outburst of eloquence, the attorney general says: "Is there language vile enough to express one's contempt for a character so low and degraded that it would burden this girl's memory with an assault of this nature upon her person?" It was doubtless such passionate out-bursts as this on the part of the state's attorney, whose eloquence is well known, that procured this verdict at the hands of this jury.

But this court is above appeal to passion. A clear question of law and justice is here presented. A citizen of this state is suffering punishment for a crime no sufficient testimony of which has ever been submitted to a jury of his peers. There is nothing more repugnant to our system of law.

*Royal C. Johnson,* Attorney General, *M. Harry O'Brien,* Assistant Attorney General, and *John T. Heffron,* State's Attorney, for Respondent.

It is the contention of the state that the evidence is sufficient to sustain the verdict. The testimony of the state, with slight conflict, if any, is thoroughly corroborated by the testimony of the defense. The statements by the complaining witness as to time, place and events are all sustained by the testimony of her mother, Carrie Hayes, and other witnesses.

The only testimony conflicting with that of the state is found in portions of the testimony of the defendant himself, while the preponderance of the evidence shows that after the act was committed Dorothy went into the house and told her mother, who immediately ran out, but the defendant had gone. The defendant testifies that he waited in the alley ten minutes after the little girl went into the house. (App. brief, f. 41).

What object would the defendant have in waiting in the alley ten minutes after the act was committed at 11:30, when he had his baggage and beans to pack up and his car to load and his lunch to get before the train left at five minutes after twelve?

The decisions of this court have repeatedly held that it will not reverse the judgment of the trial court on the ground that the evidence did not justify the verdict where the evidence was conflicting and the trial court, on motion, declined to vacate the verdict of the jury. State v. Rash, 27 S. D. 185, 130 N. W. 91; State v. Callahan, 18 S. D. 115, 99 N. W. 1100; Vol. 1, Hills' Dak. Dig., 147-155; Vol. 2 Hills' Dak. Dig., 95-99; Territory v. Keys, 5 Dak. 244, 38 N. W. 440; also, Jackson v. State, 91 Ga. 322, 44 A. S. R. 25.

The only other assignment goes to the sufficiency of the evidence to sustain the verdict; it being claimed that the evidence fails to show that the assault, if any was committed, was committed with intent to commit the crime of rape. No beneficial purpose would be subserved by detailing the evidence herein. Sufficient is to state that to our minds it conclusively shows that the appellant committed the assault charged, and that it was done with the intent alleged. It shows that the appellant took indecent liberties with the person of the complaining witness, and it is not material whether such liberties were taken against the consent of the complaining witnesses as claimed by the state in this case, or whether such liberties were taken with her consent. The complainant being under 18 years of age could not consent to the

acts of accused when they are accompanied with such intent, and thus make that not an assault with intent to rape which would have been such an assault if done without her consent. Neither need the acts complained of be the use of any actual violence or force causing physical injury or suffering. The above propositions were laid down and well considered in Croomes v. Texas, 40 Tex. Cr. R. 672, 51 S. W. 924, 53 S. W. 882; State v. Riseling, 186 Mo. 521, 85 S. W. 372; People v. Landman, 103 Cal. 581, 37 Pac. 518; People v. Johnson, 131 Cal. 511, 63 Pac. 842; Murphy v. State, 120 Ind. 115, 22 N. E. 106; Hanes v. State, (Ind.) 57 N. W. 704; Addison v. People, 193 Ill. 405, 62 N. E. 235; People v. Roach, 129 Cal. 33, 61 Pac. 574; State v. Boon, 13 Ired. 244, 57 A. D. 555.

GATES, J. The defendant, a married man, was convicted of assault with intent to commit rape upon a girl aged seven years.

Assuming the evidence on behalf of the state to be true, it only showed that defendant placed his hand upon the private parts of the child and tickled her. There is an entire absence of facts indicating an intent on the part of the defendant to commit the offense charged. The intent is the gist of the offense. People v. Dowell, 136 Mich. 306, 99 N. W. 23; State v. Riseling, 186 Mo. 521, 85 S. W. 372; In re Lloyd, 51 Kan. 501, 33 Pac. 307; Hudson v. State, 49 Tex. Cr. App. 24, 90 S. W. 177; State v. Kendall, 73 Iowa, 255, 34 N. W. 843, 5 Am. St. Rep. 679; 33 Cyc. 1432, 1435. While the acts of the defendant testified to by the child were contemptible, and the defendant should be shunned by decent people, they do not indicate any intention on his part of doing more than the taking of an unwarrantable liberty with the person of the child. We cannot understand how a fair and impartial jury could have found from the evidence an intent on his part to commit rape.

In view of the manifest lack of ability with which the defense was conducted, we deem it only fair to counsel whose name is appended to this opinion to state that he did not represent defendant at the trial.

The judgment and order denying a new trial are reversed, and a new trial is granted.