PEW *v.* STATE.

(In Banc. May 27, 1935.)

[161 So. 678. No. 31611.]

**Hearst & Pittman,** of Hattiesburg, for appellant.

886

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Per Curiam:**—Appellant, James Pew, was indicted and convicted of an assault with intent to forcibly ravish a female of previous chaste character; the indictment being drawn under section 1125, Code of 1930.

The evidence offered by the state was to the effect that the assault occurred about eight-thirty o'clock in the morning, at a point near the business section of the city of Hattiesburg. The place where the assault occurred is described as being on a footpath under a trestle of the G. & S. I. Railroad, which runs between Main street and Short Bay street in the city of Hattiesburg, this path leading from Short Bay street to Main street. The trestle under which the assault is alleged to have occurred is only a short distance from Short Bay street on one side and Main street on the other, but the footpath which leads under the trestle was somewhat secluded on account of bushes and shrubbery which were growing on the surrounding embankment.

The prosecuting witness testified that she was returning from a store on Main street to her home on Short Bay street, having in her hands a purse and a bag of groceries; that, when she was passing under the trestle, the appellant, who was a young negro about fourteen years of age, slid down the embankment from the railroad track above and seized her from behind by the shoulder and throat; that she screamed and he ordered her to cease screaming, but she continued to do so; and that he then turned her loose and ran. She further testified that her assailant was dressed in a ragged shirt

and overall trousers which had been shortened by cutting off the legs, and that when he release her, his trousers had slipped down so low that he had to pull them up with both hands. The violence of the attack was sufficient to bruise the throat of the young lady and leave the imprint of her assailant's fingers on her throat, and she testified that he did not attempt to seize her purse or groceries.

The appellant's defense was an alibi, but the identifying evidence was sufficient to warrant the jury in finding that he was the assailant of the young woman, and the evidence shows a complete and aggravated case of assault and battery. But, upon the point as to whether or not the evidence was sufficient to support a conviction of assault with intent to rape, we do not think this case is distinguishable on its facts from the cases of Spurlock v. State, 158 Miss. 280, 130 So. 155, 156, and Green v. State, 67 Miss. 356, 7 So. 326, wherein the evidence was held to be insufficient to sustain a conviction of an assault with intent to rape. The facts in these two cases are stated in the opinion of the court in the Spurlock case, and the court there said: "Affirming the conviction in this case—springing perhaps from an instinctive racial feeling—would be tantamount to declaring that because of the audacity of the accused, a member of the colored race, in laying violent hands upon the throat and neck of the prosecuting witness, a white woman, intent to rape might be inferred; and that the mere probability that the act was committed with intent to rape will be sufficient to support a verdict of guilty."

In the Green case, supra, Judge Cooper said: "The evidence is insufficient to support the verdict of the jury. We may conjecture the purpose of the defendant to have been to commit a rape, but, on the facts disclosed, it is conjecture only, and not an inference reasonably drawn from the evidence. The probabilities may be greater that a rape was intended, rather than robbery or murder;

but mere probability of guilt of a particular crime, and that, too, springing more from instinct than from proved facts, cannot support a verdict of guilty. There is great danger of improper convictions in cases of this character, and, while the courts should not for that reason invade the province of the jury, the danger admonishes us of the necessity of standing firmly upon the right and duty of proper supervision and control over them.''

The judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.