## ANTONIO MUNGILLA v. THE STATE.

No. 19802.   Delivered June 24, 1938.

The opinion states the case.

*Kennedy Smith,* of Raymondville, and *F. G. Garza,* of Falfurrias, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Assault with intent to rape is the offense; penalty assessed at confinement in the penitentiary for fifty years.

The prosecutrix, a girl fifteen years of age, testified that on the afternoon of December 25th, 1937, she and two girl companions were skating on roller skates at the school house in Raymondville, Texas. About four o'clock prosecutrix saw the appellant climb into a window of the school house, go down the hall and around the building. While resting from their skating the girls sat down on the right-hand side of the building which the prosecutrix designated as a "little built-up place." The next time she saw the appellant he came out from behind a door, put his hand on her shoulder and said: "Don't holler, be quiet," but the prosecutrix "hollered" and her companions ran for help. The appellant pulled her inside the building and threw her down on the floor. When she tried to get up he hit her on the eye. He dragged her on the cement floor, which was rough, and skinned

her legs and elbows. Appellant told the prosecutrix that "if he didn't get her then, there would be another time than that one to get her." By that time Pat Tomlinson and others came into the building. The appellant jerked away, ran across the road from the school building and crawled up under a palm tree. From the testimony of the prosecutrix we quote: "When the defendant grabbed me by the arm I jumped down off this thing I was sitting on, and he pulled me and I jumped and he kinder dragged me from that thing and I fought around and I don't know hardly how I got into the building. When the defendant got me inside the school building he threw me down. I was trying to get up, and I got on my side. He threw me down on the floor and I laid on my back and I landed real hard, and I tried to get up and got about half way up and he got on me to keep me down there. He was all the time trying to do like Mexicans do, trying to keep me quiet, and saying: 'Tst, tst, tst.' He said he would get even with me sooner or later, if he didn't get me then. I did everything in my power to fight him off of me."

Pat Tomlinson testified that on the afternoon of Christmas Day, 1937, he was riding in an automobile in company with his two sisters and two young men. When they reached the school house in Raymondville they were met by June Shaw who came running to the road and asked them to come to the school building. From the testimony of the witness we quote: "When we got in the school building, the defendant here was with the girl on the floor. He had her around the neck, as well as I can remember, and was on top of her, and I told him to get up. He got up and started backing off and pretty soon he stopped and reached in his pocket. I don't know what for. Then he paused a minute and turned and ran out of the back end of the school building."

Fred Stone testified that he and two companions started to Harlingen in an automobile on the afternoon of Christmas Day; that when they reached the Raymondville school house they saw a Mexican boy dragging a red-headed girl into the school house. Some little boys were running into the school house. The witness went to the building and met the appellant coming out of the hall. He tried to hit the appellant, but missed him. He followed the appellant and finally overtook him. He knocked the appellant down and told him to stay on the ground until the sheriff came.

The sheriff of Willacy County testified that he arrested the appellant on the day of the alleged assault; that the appellant appeared to have been drinking, but was not drunk.

Appellant introduced as a witness Jose Gonzales, who testified that he had lived in Harlingen, Texas, for about 29 years; that he had known appellant for some twelve years and had also known the prosecutrix for about four years. He testified that he had seen the prosecutrix at the appellant's home in Harlingen many times; that he had seen her eating meals in the house with members of the appellant's family. He also testified that he had seen her on the streets of Harlingen. While the witness was testifying on cross-examination the prosecutrix was brought into the courtroom. He identified her and said that she was the girl he knew in Harlingen in 1928.

Ysidro Chamberlain testified that he lived in Harlingen and had resided there for thirty-seven years and had known the appellant for some ten or twelve years. However, he did not know the prosecutrix. He testified on cross-examination that the mother of the appellant had been living in Harlingen continuously for as long as eight years, but that appellant had not been there for some of the time, but was away from home.

The father of the prosecutrix testified that he and his family lived in Dustin, Oklahoma, until 1930, at which time they moved to San Perlita, Texas, where they lived on a farm for about four years; that they then moved to a tourist camp in the town of San Perlita and lived there two years; after which they moved to Raymondville where they had lived for about three years at the time of the trial. The witness testified that he had never lived in Harlingen, Texas; that he had never heard of the Cisneros house in that city; that the prosecutrix had never been in Harlingen and had never eaten any meals at the home of appellant's family. Similar testimony was given by the mother of the prosecutrix.

In view of the penalty assessed we have discussed the testimony of the witnesses at length. Appellant did not testify. He contended in the court below as he does here that the evidence fails to show beyond a reasonable doubt an intent on his part to commit the offense of rape. The testimony excludes the idea that his purpose was to accomplish an act of intercourse with the consent of prosecutrix. That he intended to forcibly have carnal relations with her under the circumstances existing at the time is contrary to human experience. Some of the evidence is to the effect that prosecutrix had with her two *girl* companions, presumably about her own age, and certain it is that one was immediately present, sitting by prosecutrix when appellant took hold of her arm and pulled her inside the school building. Prosecutrix screamed and said to her companion, "June, help me

get away from him." June ran for help and reported the matter. Prosecutrix does not detail a word that appellant said which indicates a purpose on his part to have intercourse with her. She does not claim that he raised or tried to raise her clothing or put his hands on her person in such way as indicated a lascivious intent, or that he exposed his person or disarranged his own clothing in an effort so to do. Witnesses who reached the scene in response to the call for help said appellant had prosecutrix down on the floor, was on top of her, and "had her around the neck." These witnesses do not say that the clothing of either appellant or prosecutrix was in any way disarranged. She testified that appellant said he would "get even with her"; that if he didn't get her then he would some other time. This language conveys the idea that for some reason appellant was angry at prosecutrix and was venting his ill-will towards her. She testified that June told the boys who were passing that a "Mexican was trying to kill" prosecutrix.

In order to warrant a conviction of assault with intent to rape the evidence must show with reasonable certainty that intercourse was the immediate design to be accomplished by the assault. In the absence of evidence showing such present intention such fact can not be assumed against one charged with said offense.

The evidence admits of no doubt that appellant is guilty of an assault upon prosecutrix of a most aggravated character, but in our opinion it fails to show with that degree of certainty required by the law that he made the assault with intent to commit rape.

For the reasons given the judgment is reversed and the cause remanded.