## HAMMOND v. UNITED STATES.

### No. 8127.

United States Court of Appeals for the District of Columbia.

Argued April 13, 1942.

Decided May 4, 1942.

Mr. Otho D. Branson, of Washington, D. C., for appellant.

Mr. John L. Laskey, Assistant U. S. Attorney, with whom Mr. Edward M. Curran, U. S. Attorney, both of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

PER CURIAM.

Appellant was indicted and convicted of assault with intent to commit rape. The evidence discloses that around 2 o'clock in the morning of August 17, 1941, he went to the home of his mother-in-law, with whom his wife and baby were living, went into the bedroom of his 17-year-old sister-in-law, pulled off the covers, and touched her private parts with his hand. She awakened, screamed, and appellant ran from the house. The government concedes that "the elements of the offense must be found in the above condensed statement of the evidence". At the conclusion of the government's case, and again at the conclusion of the entire case, appellant unsuccessfully moved for a directed verdict. The room in which the sister-in-law was asleep was occupied also by her two younger brothers.

The lamps were lighted. The adjoining communicating room was occupied by appellant's mother-in-law, his wife, and child.

■ We think the court should have directed a verdict. In order to make out a case of assault with intent to commit rape, it is essential that the evidence should show beyond a reasonable doubt (1) an assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry into effect this intent with force and against the consent of the female. Dorsey v. State, 108 Ga. 477, 34 S.E. 135. Wharton states the rule as follows:

The assault must be such as to show a purpose to have sexual intercourse despite resistance, and the consent of the female must be wanting. The intent of the accused is an essential element in the offense, but in and of itself is not sufficient; there must be some overt act in addition to the intent, because for a man to be guilty of the crime of an attempt to commit rape, he must not only have intended to use the force necessary to accomplish his purpose, * * *—he must, in addition to this, have done some act which, in connection with the intent, constitutes the attempt. * * * There must be an intent to use such force and violence as may be necessary to overcome resistance * * *. Wharton's Criminal Law, Vol. 1, 12th Ed., § 748.

■ In the present case there was, as there always is in a criminal prosecution, a legal presumption that appellant was innocent until proved guilty beyond a reasonable doubt. "Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt it is the duty of the trial judge to instruct the jury to return a verdict for the accused, and where all the substantial evidence is as consistent with innocence as with guilt it is the duty of the appellate court to reverse a judgment against him". Isbell v. United States, 8 Cir., 227 F. 788, 792.

■ In the light of the circumstances we have related, we think it impossible that a jury of reasonable men could have fairly reached the conclusion that appellant, in what he did, necessarily intended to commit rape. True enough, his intent can only be determined by his acts. But on the facts shown here, the conclusion that he intended rape would be pure conjecture. Appellant was himself at the time fully dressed. It is not claimed that he had exposed his person or that he said anything indicating a purpose to have sexual intercourse. The room was lighted and was occupied, not only by his sister-in-law, but by two children, and the adjoining room was occupied by his mother-in-law and wife. Except that he used his hand to touch the body of the girl, he did nothing to carry out a carnal purpose. To assume in these circumstances that he intended to force his sister-in-law is neither reasonable nor credible. That he had a lustful desire is not enough. There must have been the intent to ravish if the desire were denied. That he was guilty of a serious offense goes without saying, cf. Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292, but that he was guilty of attempted rape we think may not be inferred from the evidence on which the Government relied. See Pew v. State, 172 Miss. 885, 161 So. 678; State v. Neil, 13 Idaho 539, 90 P. 860, 91 P. 318; Warren v. State, 51 Tex. Cr.R. 598, 103 S.W. 888; People v. Fleming, 94 Cal. 308, 29 P. 647; Commonwealth v. Merrill, 14 Gray, Mass., 415, 77 Am.Dec. 336; State v. Massey, 86 N.C. 658, 41 Am. Rep. 478; Fields v. State, Tex.Cr.App., 24 S.W. 907; Hull v. State, 22 Wis. 580; Mungilla v. State, 135 Tex.Cr.R. 287, 118 S.W.2d 598; State v. Coram, 116 W.Va. 492, 182 S.E. 83; State v. Perkins, 31 S.D. 447, 141 N.W. 364.

The above cited cases and many others which might be cited are to the effect that to warrant conviction the evidence must show beyond a reasonable doubt that intercourse was the immediate design and that force was intended to its accomplishment. In the instant case, it can just as well be assumed that appellant's purpose was to look or to fondle or to have intercourse if consent were forthcoming, rather than to ravish. That he should be punished goes without saying—but not for attempted rape.

Reversed and remanded for a new trial.