**ROBINSON v. UNITED STATES.**

No. 8467.

United States Court of Appeals for the
District of Columbia.

Argued June 2, 1943.
Decided June 22, 1943.

Mr. Nathan A. Dobbins, of Washington, D. C., submitted the case on the brief for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief, submitted the case on the brief for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Appellant was tried and convicted in the District Court of assault with intent to commit rape. On the trial the prosecutrix testified in substance as follows:

On the early morning of July 16, 1942, I was asleep in an apartment on Warder Street, Northwest, in the City of Washington, and woke up suddenly to discover that there was someone lying beside me on the bed. He started choking me, and I could not even make gurgling sounds. Finally he let up on my throat and said not to scream, and I said I wouldn't scream, to take my money and leave me alone. He said "Where is your money?" and I said in my purse in the cedar chest, and I told him to go and leave me alone. He said "No; I am going to finish what I came here to do." And then he started to reach down toward my person and I told him I was menstruating, and he said he didn't believe it, but to let him see. I grabbed his hand and picked up an electric fan and hit him once or twice with it and started screaming. At that time he had on a shirt and a pair of pants. When I struck him he jumped up to run and started to pick up his shoes, but left one of them in the room, and went through the bathroom window, out on the porch, and dropped from the porch to the ground.

Appellant was arrested a few days later in New Jersey and brought back to Washington, where he was identified by prosecutrix at a local police precinct line-up. She said that she had never seen appellant before the night of the assault.

A doctor from Garfield Hospital testified that he had examined prosecutrix when she was brought to the hospital shortly after the alleged assault, found blood on her lips, a lacerated lower lip, and hemorrhagic spots or little blood points in the lining of her throat, which might have been caused by pressure on the throat. He testified that prosecutrix was menstruating at the time. The Deputy Coroner testified that as a result of his examination of the person of prosecutrix he was of opinion she was a virgin. A Government serologist testified that he found blood and spermatozoa on the sheets of the bed, but could not say how long they had been there. Members of the Police Department testified that finger and palm prints upon the premises corresponded to those of appellant and that two shoes, a coat, and a hat were found in the apartment on the morning after the events mentioned above.

Appellant testified in his own behalf that he had met prosecutrix on previous occasions, that she had gone with him to a hotel room at Logan Circle in Washington City, that on the night of the alleged assault she had taken him to her apartment and they had gone to bed together, that afterwards, when he tried to borrow some money from her she refused to lend it to him because he would not tell her what he

intended to do with it, and that because of this and her fear he was leaving her to go to some other woman she struck him with the fan and began to shriek, whereupon he left by the bathroom and the porch.

At the conclusion of the Government's case and again at the conclusion of the whole case appellant moved for a directed verdict on the ground that the evidence for the Government, if believed, was insufficient to constitute the crime of assault with intent to commit rape. The sole ground of this appeal is that the court erred in refusing to grant the motion.

■ We are of opinion that the action of the court was, in the circumstances we have here described, entirely correct. Very recently in Hammond v. United States, 75 U.S.App.D.C. 397, 127 F.2d 752, we said that in order to make out a case of assault with intent to commit rape it is essential that the evidence show beyond a reasonable doubt (1) an assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry out this intent with force and against the will of the female.

■ Applying the rule to the facts here, we think the court below rightly submitted the question to the jury. As we have seen, the Government evidence, if believed, shows that appellant stealthily entered the room occupied by prosecutrix at a time when she was asleep, partially undressed himself, got beside her on the bed, and when she awoke stilled her cries by pressing her throat with his hands until she promised to be quiet. Then, when he had got her money, he came back to the bed and at her request to leave, said he proposed to "finish what I came here to do." When she told him she was menstruating, he attempted to verify her statement with his hand. He left only when she struck him with sufficient force to make severe gashes in his face and head and by her outcries threatened to bring the other occupants of the house to the scene. It would be difficult to say on this evidence, coupled with the fact that spermatozoa was found on the sheets of the bed, that a jury might not reasonably believe that appellant's purpose in entering her room was to have intercourse, and that to accomplish this purpose he was prepared to use such force and violence as was necessary to overcome resistance. In this view, the trial court was correct in submitting the

case to the jury and it was for them to say, under proper instructions from the court, where the truth lay in the conflict of testimony on the facts.

Affirmed.