### NELMS v. UNITED STATES.
### No. 11982.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 28, 1954.

Decided July 8, 1954.

Petition for Rehearing Denied
Sept. 23, 1954.

Wilbur K. Miller, Circuit Judge, dissented in part.

Mr. Perry S. Patterson, Washington, D. C., appointed by this Court, with whom Mr. Herbert J. Miller, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll and Thomas A. Flannery, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

In count one of an indictment appellant was charged with housebreaking in violation of § 22–1801, D.C.Code (1951), and in count two with larceny in violation of §§ 22–2201, 22–2202, D.C.Code (1951). In a jury trial he was convicted as charged on the first count and of petit larceny on the second. The sentence imposed was a general one of imprisonment for a period of three to nine years.

We find no reversible error affecting the conviction for housebreaking. Since the sentence imposed is within that permitted for that offense, § 22–1801, supra, we could affirm the judgment without considering the larceny count. Claassen v. United States, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966; Whitfield v. State of Ohio, 297 U.S. 431, 438, 56 S.Ct. 532, 80 L.Ed. 778; Pinkerton v. United States, 328 U.S. 640, 641 n. 1, 66 S.Ct. 1180, 90 L.Ed. 1489; Marzani v. United States, 83 U.S.App.D.C. 78, 86, 168 F.2d 133, 141, affirmed by an equally divided court, 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431, 336 U.S. 922, 69 S.Ct. 653, 93 L.Ed. 1084. Nevertheless, we have carefully reviewed the evidence bearing on that count and find it inadequate to sustain a verdict finding appellant guilty of having stolen the articles therein enumerated. In these circumstances, we think the preferable procedure—whether required or not we need not decide, see Fulton v. United States, 45 App.D.C. 27, 42—is to remand the cause with directions that the District Court either modify the judgment by entering a judgment of acquittal on the second count, or, in the alternative, vacate the judgment entirely, enter a judgment of acquittal on the second count and resentence appellant by reason of his conviction under the first count.

It is so ordered.

WILBUR K. MILLER, Circuit Judge, (concurring in part and dissenting in part).

I agree that the evidence was inadequate to sustain a verdict finding Nelms guilty under the larceny count. The proof on which the jury found him guilty under the housebreaking count was, in my view, equally inadequate.

All the evidence introduced against this man was circumstantial. The circumstances proved were as consistent with innocence as with guilt. That being true, I think it is our duty to reverse the

judgment of conviction. Hammond v. United States, 1942, 75 U.S.App.D.C. 397, 127 F.2d 752; United States v. Matsinger, 3 Cir., 1951, 191 F.2d 1014, 1016.