232 F.2d 66
 John F. AIKENS, Appellant,
v.
UNITED STATES of America, Appellee.
Courtland DOYLE, Appellant,
v.
UNITED STATES of America, Appellee.
Helen M. HARLEY, Appellant,
v.
UNITED STATES of America, Appellee.
Collier KINGSBURY, Appellant,
v.
UNITED STATES of America, Appellee.
James E. OFFUTT, Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 12730-12734.
 United States Court of Appeals District of Columbia Circuit.
 Argued November 28, 1955.
 Decided February 9, 1956.
 
 Messrs. Curtis P. Mitchell and Henry Lincoln Johnson, Jr., Washington, D. C., for appellants.
 Mr. Fred L. McIntyre, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and Edward O. Fennell, Asst. U. S. Attys., were on the brief, for appellee.
 Before BAZELON, FAHY and BASTIAN, Circuit Judges.
 BAZELON, Circuit Judge.
 
 
 1
 Each of the five appellants was convicted by a jury of the substantive offense of operating a lottery, in violation of D.C.Code § 22-1501 (1951). Jointly they were found guilty of conspiracy to violate that section under 18 U.S.C. § 371 (1952). The court imposed a general sentence for these two counts. Each appellant was also convicted of violating D.C.Code § 22-1502's prohibition against the possession of lottery tickets. Appellants Harley and Kingsbury, in addition, were sentenced for violating § 22-1505(b) (Supp.1954), which prohibits the maintenance of "any gambling premises." The general sentence imposed on the operation and conspiracy counts ran concurrently with that on the possession and maintenance counts.
 
 
 2
 Appellants' principal contention is that the conspiracy and substantive counts relating to § 22-1501 are duplicitous. Since the Government relied on identical evidence to sustain both counts, it is said that the proof submitted under the substantive count included every element necessary to the conspiracy count, including that of joint enterprise, and thereby infringed the constitutional guarantee against double jeopardy.[1] But appellants did not save the question for review on appeal by requesting the court below to compel an election of counts when the duplicity became apparent. Accordingly we are not required to consider the merits of this contention.[2] Even if we thought this contention was correct, we could not say appellants were prejudiced, since the sentence imposed on these two interrelated counts was less than the maximum permissible under either.[3]
 
 
 3
 As to all the appellants but Kingsbury, we think the evidence was sufficient to support the jury's verdict on all counts. The Government claims that Kingsbury's guilt is proved by activities related to an apartment at 851 Howard Road, S.E., which he is said to have been maintaining as gambling premises. During the police surveillance, Aikens, one of our appellants, regularly visited this apartment as part of his daily routine, under circumstances which justified the inference that he was a numbers pick-up man. But Kingsbury testified that, because of marital difficulties, he had moved from this address on June 18, prior to surveillance. No evidence was offered specifically to refute this testimony, although the police stated they observed Kingsbury going into the apartment with Aikens on three occasions after June 18. On July 27 a search executed pursuant to a search warrant at that address revealed the presence of numbers slips and a notebook with numbers written in, but nothing appears to connect Kingsbury himself with that evidence. And, unlike the other appellants, Kingsbury was never arrested with numbers slips in his possession.
 
 
 4
 Under applicable tests,[4] Kingsbury's motion for judgment of acquittal on all four counts should have been granted. His mere association with Aikens as they entered the apartment does not implicate him in the conspiracy. With respect to the substantive counts, Kingsbury was never shown to be in possession of lottery tickets. The fact that slips were found in his former residence, without more, does not justify an inference that they belonged to him. Absent such proof, a violation of § 22-1502 is not established, nor can it be said that Kingsbury was guilty of maintaining gambling premises in violation of § 22-1505(b). The operation count under § 22-1501 likewise must fail. That section provides that proof of possession establishes a prima facie case. Lacking that presumption, there was no evidence (such as proof that bets were written in the apartment) from which it could reasonably be inferred that Kingsbury operated a lottery.
 
 
 5
 We have considered appellants' other contentions in the light of this record and find them without merit.
 
 
 6
 Affirmed in Cases Nos. 12730, 12731, 12732 and 12734; reversed in Case No. 12733.
 
 
 
 Notes:
 
 
 [1]
 In this connection, see Pereira v. United States, 1954, 347 U.S. 1, 11, 74 S.Ct. 358, 98 L.Ed. 435; Pinkerton v. United States, 1946, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489; Gavieres v. United States, 220 U.S. 338, 342, 343, 31 S. Ct. 421, 55 L.Ed. 489; United States v. Rosenblum, 7 Cir., 176 F.2d 321, 330 (concurring opinion), certiorari denied, 1949, 338 U.S. 893, 70 S.Ct. 239, 94 L. Ed. 548; Freeman v. United States, 6 Cir., 1945, 146 F.2d 978
 
 
 [2]
 Rule 52(b), F.R.Crim.P., 18 U.S.C.A. See Payton v. United States, 1955, 96 U.S.App.D.C. 1, 222 F.2d 794, 797; Crawford v. United States, 1952, 91 U.S. App.D.C. 234, 237, 198 F.2d 976, 979; United States v. Vasen, 7 Cir., 1955, 222 F.2d 3, 5-6
 
 
 [3]
 See Hirabayashi v. United States, 1943, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Wanzer v. United States, 1953, 93 U.S.App.D.C. 412, 208 F.2d 45; Kelleher v. United States, 1929, 59 App.D.C. 107, 109, 35 F.2d 877, 879. Cf. Nelms v. United States, 1954, 94 U.S.App.D.C. 267, 215 F.2d 678
 
 
 [4]
 Cooper v. United States, 1954, 94 U.S. App.D.C. 343, 218 F.2d 39; Maryland & Virginia Milk Producers' Ass'n v. United States, 1951, 90 U.S.App.D.C. 14, 23, 193 F.2d 907, 917; Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, certiorari denied, 1946, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850