**UNITED STATES of America**

v.

**John Herbert EADES.**

**Crim. No. B–78–057.**

United States District Court,
D. Maryland.

Aug. 17, 1978.

Russell T. Baker, Jr., U. S. Atty., D. Maryland, Richard D. Bennett, Asst. U. S. Atty., D. Maryland, Baltimore, Md., for plaintiff.

Charles G. Bernstein, Federal Public Defender, D. Maryland, Peter D. Ward, Asst. Federal Public Defender, D. Maryland, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

John Herbert Eades was indicted by the grand jury for the District of Maryland on February 7, 1978. The indictment consisted of nine counts alleging that on three different occasions Eades had engaged in unlawful conduct on the grounds of the United States Naval Academy. Counts 1 through 4 related to an alleged sexual assault by Eades upon Lieutenant Irmeli S. Makela on January 28, 1978. Counts 5 through 8 related to an alleged sexual assault upon Donna Marie Esposito on February 4, 1978. Count 9 alleged that the defendant had entered upon the United States Naval Academy on January 30, 1978, for the illegal purpose of stealing items from a locker room.

On June 15,1978, four days prior to trial, defendant filed a motion to dismiss Counts 2 and 6 of the indictment claiming that the offenses charged therein could not properly be brought, as they were, under the Assimilative Crimes Act, 18 U.S.C. § 13. On June 16, 1978, the Government filed a memorandum in opposition to defendant's motion. Because of the short period of time between the filing of defendant's motion and the date set for trial of this case, ruling on the motion was reserved by this court and the case proceeded to trial on June 19, 1978.

The jury returned its verdict on June 21, 1978, finding the defendant not guilty of the offenses charged in Counts 1, 4, 5, and 8 and guilty of the offenses charged in Counts 2, 3, 6, 7, and 9. Because the defendant was convicted on those counts he had previously moved to dismiss, it will be necessary for this court to rule on his motion.

Counts 2 and 6 of the indictment both charged the defendant with a third degree sexual offense in violation of Maryland law, *Annotated Code of Maryland*, art. 27, § 464B(a),[1] pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13. In his motion, defendant argues that the conduct charged in Counts 2 and 6 is made punishable by an enactment of Congress, to wit, 18 U.S.C. § 113(a), which proscribes, among other things, the offense of assault with intent to commit rape. Thus, defendant contends that since the conduct charged in Counts 2 and 6 is already covered by federal law, the law of the State of Maryland may not be employed by means of the Assimilative Crimes Act to charge the defendant with the offenses alleged in those counts. In short, defendant's position is that the state law provisions upon which Counts 2 and 6 are ultimately based are inapplicable here due to the existence of the federal crime of assault with intent to rape. It bears mention that, in addition to the violations of Maryland law alleged in Counts 2 and 6, defendant was charged with the federal crime of assault with intent to rape in Counts 1 and 5. As noted earlier, he was acquitted of the assault with intent to rape charges but convicted of the third degree sexual offense charges.

The Assimilative Crimes Act reads:

1. The Maryland statute provides in pertinent part:

A person is guilty of a sexual offense in the third degree if the person engages in sexual contact:

(1) With another person against the will and without the consent of the other person, and

. . . . .

Threatens or places the victim in fear that the victim or any person known to the victim will be imminently subjected to . . . serious physical injury.

*Annotated Code of Maryland*, art. 27, § 464B.
Sexual contact is defined as follows:

"Sexual contact" . . . means the intentional touching of any part of the victim's or actor's anal or genital areas or other intimate parts for the purpose of sexual arousal or gratification . . . .

*Annotated Code of Maryland*, art. 27, § 461(f).

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of *any act or omission which, although not made punishable by any enactment of Congress*, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13 (emphasis added). Thus, by its very terms the Assimilative Crimes Act permits incorporation of state law only where the charged conduct is not made punishable by an enactment of Congress. *See United States v. Butler*, 541 F.2d 730, 733 (8th Cir. 1976); *United States v. Clark*, 267 F.2d 99, 100 (4th Cir. 1959). In *Williams v. United States*, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946), a case heavily relied on by defendant, the Supreme Court interpreted the scope of the Assimilative Crimes Act. There the defendant was convicted of statutory rape under Arizona law as incorporated by the Assimilative Crimes Act. Under relevant Arizona law, a conviction for this offense could be had if the victim was under 18 years of age regardless of the existence of consent or the lack of force. 327 U.S. at 716, 66 S.Ct. 778. The comparable federal offense of carnal knowledge required proof that the victim was under 16 years of age, that force was used by the offender and that the victim had not consented. 327 U.S. at 715, 66 S.Ct. 778. Williams, a married white man, had consensual sexual intercourse with an Indian girl who was over 16, but under 18, years of age. 327 U.S. at 713, 66 S.Ct. 778. His conduct clearly fell outside the bounds of the federal statute and, as a result, he was charged and convicted under the Assimilative Crimes Act employing Arizona law. The Supreme Court overturned the conviction notwithstanding the variance of proof required between the state and federal statutes. In doing so, it said:

We hold that the Assimilative Crimes Act does not make the Arizona statute applicable in the present case because (1) the precise acts upon which the conviction depends have been made penal by the laws of Congress defining adultery and (2) the offense known to Arizona as that of "statutory rape" has been defined and prohibited by the Federal Criminal Code and is not to be redefined and enlarged by application to it of the Assimilative Crimes Act. The fact that the definition of this offense as enacted by Congress results in a narrower scope for the offense than that given to it by the State, does not mean that the Congressional definition must give way to the State definition. This is especially clear in the present case because the specified acts which would come within the additional scope given to the offense by the State through its postponement of the age of consent of the victim from 16 to 18 years of age, are completely covered by the federal crimes of adultery or fornication.

327 U.S. at 717–18, 66 S.Ct. at 782 (footnotes omitted).

■ Defendant contends that *Williams* bars incorporation of state law where federal law makes penal the *generic* act or type of conduct proscribed by the State. This idea that state law may not be employed when a federal statute makes punishable the generic conduct in question has been followed by at least one court. *See United States v. Butler, supra*, 541 F.2d at 735. However, it has not received universal acceptance. Other courts have held that the Assimilative Crimes Act prohibits resort to state law only where the "precise conduct has been made penal by federal law." *United States v. Big Crow*, 523 F.2d 955, 958 n.4 (8th Cir. 1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976); *United States v. Patmore*, 475 F.2d 752, 753 (10th Cir. 1973). One other court, while generally following the "precise conduct" rule, permitted the Government to use state law where the state statute provided a theory essentially different from that provided by the federal statute. *Fields v. United States*, 438 F.2d 205, 207–08 (2nd Cir. 1971), *cert. denied*, 403 U.S. 907, 91 S.Ct. 2214, 29

L.Ed.2d 684 (1971). In the opinion of this court, an examination of the state and federal offenses in question here compels the conclusion that defendant's motion must be denied regardless of the test used. The federal crime of assault with intent to rape covers neither the generic conduct nor the precise conduct which form the basis for the state law offense charged in Counts 2 and 6.

The Maryland crime of third degree sexual offense prohibits the intentional and unconsented to touching of intimate parts of the victim's body in such a manner as to place the victim in fear that she will be imminently subject to serious physical injury. *See* footnote 1, *supra*. On the other hand, the federal offense of assault with intent to rape requires an assault committed with the intent to have sexual intercourse with the victim and a purpose to carry into effect this intent with force and against the consent of the victim. *Hammond v. United States*, 75 U.S.App.D.C. 397, 127 F.2d 752, 753 (D.C.Cir.1942). Obviously, there are real and definite distinctions between the Maryland offense and the federal offense. It is true, as shown by *Williams* and the other cases cited above, that mere variance in proof requirements between the state and federal offenses will not alone allow the Government to proceed under the Assimilative Crimes Act. However, that is not the situation in this case. Here there are two completely different crimes which do not proscribe the same precise conduct or the same generic conduct. The acts punishable under Maryland law do not involve acts necessarily related to illicit coitus but relate instead to the intentional touching of intimate parts of the victim's body against her will. Unlike the federal offense, the Maryland crime does not in any way require an intent to have sexual intercourse with the victim. In fact, the crime of assault with intent to rape is separately punishable under Maryland law. *See Annotated Code of Maryland*, art. 27, § 12. In sum then, the Maryland offense charged in Counts 2 and 6 of the indictment is a crime entirely distinct from the federal offense of assault with

intent to rape. The two crimes are related only insofar as they both fall under the general rubric of sex offenses. As shown by the recent case of *United States v. Smith*, 574 F.2d 988, 990 (9th Cir. 1978), such an attenuated relationship is insufficient to bar prosecution of the state offense under the Assimilative Crimes Act. In *Smith*, the defendants were convicted of sodomy by application of a Washington statute. They argued that the federal offense of rape prevented the use of the state sodomy law. The Ninth Circuit disagreed, finding that the enactment of the federal rape statute did not constitute Congressional action with reference to sodomy and that the act of rape was not generically the same as the act of sodomy. *Id.* Likewise in the instant case, this court finds that the Maryland crime of third degree sexual assault is entirely distinguishable from the federal crime of assault with intent to rape and that the incorporation of the Maryland statute by the Assimilative Crimes Act did not serve to redefine or enlarge the existing federal offense. There is a patent gap in the federal law between simple assault, 18 U.S.C. § 113(e), and assault with intent to rape, 18 U.S.C. § 113(a). As it was designed to do, the Assimilative Crimes Act fills this gap by incorporating the Maryland offense. As a result, the defendant was properly charged with the Maryland offense in Counts 2 and 6 of the indictment. His motion shall, therefore, be denied.

Accordingly, it is this 17th day of August, 1978, by the United States District Court for the District of Maryland, ORDERED that defendant's motion to dismiss be, and the same hereby is, DENIED.

The Clerk shall mail a copy of this Memorandum and Order to Peter D. Ward, Assistant Federal Public Defender, and to Richard D. Bennett, Assistant United States Attorney.