976 F.2d 1445
 298 U.S.App.D.C. 141
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Cellos Salomon ELIAS, a/k/a Carlos Garcia, Appellant.
 Nos. 90-3278, 91-3308.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 16, 1992.
 
 Before STEPHEN F. WILLIAMS, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Cellos Salomon Elias (aka Carlos Garcia) claims that there was insufficient evidence to support his convictions for possession with intent to distribute illegal narcotics pursuant to 21 U.S.C. § 841, and carrying a firearm during and in relation to the commission of a drug trafficking offense pursuant to 18 U.S.C. § 924(c). We find that there was sufficient evidence to support each of these convictions, but focus, as Elias does in his brief, on the gun charge.
 
 
 5
 The fundamental flaw in Elias's argument is his assertion that the standard of review for challenges to criminal convictions based on the sufficiency of the evidence is whether the government has proved guilt beyond a reasonable doubt "to the exclusion of every reasonable hypotheses [sic] of innocence." Appellant's Brief at 11 (emphasis in original). This may have been the standard in this jurisdiction 50 years ago, see, e.g., Hammond v. United States, 127 F.2d 752 (D.C.Cir.1942), but has not been for some time. See, e.g., Allison v. United States, 409 F.2d 445, 450 n. 16 (D.C.Cir.1969). Today, the standard of review is such cases is very deferential: considering the evidence in the light most favorable to the government, the court seeks to determine "only whether any reasonable jury could find guilt beyond a reasonable doubt." United States v. Harrison, 931 F.2d 65, 71 (D.C.Cir.) (emphasis in original), cert. denied, 112 S.Ct. 408 (1991). See also United States v. Joseph, 892 F.2d 118, 126 (D.C.Cir.1989) ("it is only necessary that there be evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt") (internal quotation marks omitted). Thus, Elias's argument that his conviction must be overturned because the government failed to exclude every reasonable hypothesis other than guilt is irrelevant.
 
 
 6
 Considering this case under the proper standard of review, we conclude that there was sufficient evidence to support the jury's finding that Elias constructively possessed the revolver found in the car over which he exercised dominion and control, see, e.g., United States v. Garrett, 903 F.2d 1105, 1111-12 (7th Cir.) (evidence sufficient to support conviction under § 924(c) where defendant was apprehended as he attempted to open the door of a car to which he had a set of keys, but did not own, and which contained drugs and a weapon under the driver's seat), cert. denied, 111 S.Ct. 272 (1990); United States v. Munoz-Fabela, 896 F.2d 908, 911 (5th Cir.) (presence of loaded gun on floor of car and within defendant's reach supported conviction under § 924(c)(1)), cert. denied, 111 S.Ct. 76 (1990); United States v. Joseph, 892 F.2d 118, 126 (D.C.Cir.1989) ("evidence supporting the jury's verdict of guilty on the possession charges goes likewise to support circumstantially the conclusion that the defendant knew that the firearm was in the bag"), and that the revolver facilitated his possession of the drugs, see United States v. Harris, 959 F.2d 246 (D.C.Cir.1992) (firearm is used or carried "during and in relation to" a drug trafficking offense "if the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime) (internal quotation marks omitted).