John E. Cambria vs. Ernest Jeffery.

Middlesex.   May 7, 1940. — October 21, 1940.

Present: Field, C.J., Lummus, Dolan, Cox, & Ronan, JJ.

*Res Judicata.*

A finding by a judge, hearing an action by the operator of an automobile against the owner of a second automobile for injury sustained in a collision, that the plaintiff was negligent, was the sole basis of a judgment for the defendant, and an additional finding that the defendant also was negligent, being unnecessary to the judgment, was not *res judicata* barring a later action by the defendant against the plaintiff for damage to his automobile.

Tort. Writ in the First District Court of Eastern Middlesex dated April 4, 1938.

On removal to the Superior Court, the action was tried before *Greenhalge*, J. The finding of the judge of the District Court in the action of Jeffery *vs.* Cambria was as follows: "Defendant was clearly negligent. The only question is as to the due care of the plaintiff operator. Taking all the circumstances into consideration including the fact that Concord Avenue on which defendant was driving is the more important street, I find that Ernest Jeffrey did not use due care in entering the intersection."

*E. C. McCabe*, for the plaintiff, submitted a brief.

*John J. Murphy*, (*John J. Sullivan* with him,) for the defendant.

Lummus, J. Two automobiles, one owned by the plaintiff Cambria and operated by his servant, the other owned and operated by the defendant Jeffery, had a collision.

Jeffery brought in a District Court an action of tort for alleged negligence against Cambria to recover for bodily injury and damage to Jeffery's automobile. The judge found that the collision was caused by negligence of both operators, and therefore judgment was rendered in favor of the then defendant Cambria.

Afterwards the present action of tort, for alleged negligence of Jeffery causing damage to Cambria's automobile, was tried. The jury returned a verdict in favor of the plaintiff Cambria for $838.35; but the judge under leave reserved (G. L. [Ter. Ed.] c. 231, § 120) entered a verdict for the defendant Jeffery on the ground that the earlier judgment had adjudicated that the present plaintiff Cambria through his servant was guilty of contributory negligence, and reported the case.

A fact merely found in a case becomes adjudicated only when it is shown to have been a basis of the relief, denial of relief, or other ultimate right established by the judgment. *Olsen* v. *Olsen*, 294 Mass. 507, 509, 510. *Tighe* v. *Skillings*, 297 Mass. 504, 508. *Whittemore* v. *Selectmen of Falmouth*, 304 Mass. 72, 74. *North Carolina Railroad* v. *Story*, 268 U. S. 288, 294. Freeman, Judgments (5th ed. 1925) §§ 697, 698. Compare on the facts *Long* v. *MacDougall*, 273 Mass. 386, *Browne* v. *Moran*, 300 Mass. 107, *Gilley* v. *Jarvis*, 94 Vt. 135, and *Winters* v. *Bisaillon*, 153 Ore. 509, 104 Am. L. R. 968.

The earlier judgment was in effect that Jeffery could not recover against Cambria. The sole basis for that judgment was the finding that Jeffery was guilty of contributory negligence. The further finding that Cambria's servant was negligent had no effect, and could have none, in producing that judgment. Therefore that judgment did not adjudicate that Cambria's servant was negligent.

*Verdict under leave reserved set aside.*

*Judgment upon the verdict returned by the jury.*