**Julius C. THOMPSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12760.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 21, 1955.

Decided Dec. 15, 1955.

Mr. James R. Scullen, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant (defendant) was indicted in a two-count indictment, count one charging that appellant carnally knew and abused a thirteen year old female in violation of Title 22, § 2801 [1] of the Dis-

---

1. "Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under sixteen years of age, shall be

trict of Columbia Code 1951, and count two charging appellant with taking immoral, improper and indecent liberties with the same child in violation of the Miller Act, Title 22, § 3501(a) of the Code, hereinafter quoted. On the trial, appellant was found not guilty of the crime charged in count one but was found guilty of the crime charged in the second count. He was duly sentenced and this appeal followed.

A number of grounds are urged on the appeal, of which only two require our attention.

It is first claimed that the joinder in the same indictment of an alleged violation of Title 22, § 3501(a) with an alleged violation of Title 22, § 2801 is barred by the express language of the statute and violative of the legislative intent. We disagree.

The jury was carefully instructed that it must consider the carnal knowledge count first, and could consider the question of the alleged violation of the Miller Act only when and if it found appellant not guilty of the carnal knowledge count. The pertinent provisions of § 3501 are as follows:

"(a) Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arous-

ing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years.

\* \* \* \* \* \*

"(d) The provisions of this section shall not apply to the offenses covered by section 22–2801."

From a consideration of these provisions, appellant argues that Congress intended to keep the provisions of § 22–3501(a) separate and apart from the provisions of § 22–2801 in order to insure the enforcement of the greater offense. The House and Senate Reports having reference to the Miller Act make it clear that Congress considered the carnal knowledge statute inadequate, hence the provisions strengthening the laws as they relate to sex offenses against children.

There is no reason why the two counts cannot be joined if the jury is told, as it was here, that it could not find the defendant guilty of both counts and could find him guilty of the Miller Act violation only if he was found not guilty of carnal knowledge.

Complaint is made of the argument by the prosecutor to the jury. While this argument was vigorous we cannot say that it transcended the bounds of propriety; and, certainly, it does not require reversal.

The record discloses, contrary to appellant's contention, that there was adequate evidence to justify the verdict of the jury; and we find nothing in the other claimed errors to justify reversal.

Affirmed.

---

imprisoned for not more than thirty years: *Provided*, That in any case of rape the jury may add to their verdict, if it be guilty, the words 'with the death penalty,' in which case the punishment shall be death by electrocution: *Provid-*

*ed further*, That if the jury fail to agree as to the punishment the verdict of guilty shall be received and the punishment shall be imprisonment as provided in this section."