George **YOUNGER**, Jr., Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14684.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 21, 1959.

Decided Feb. 5, 1959.
Petition for Rehearing In Banc Denied
March 24, 1959.

Mr. Wilfred Milofsky, Washington, D. C. (appointed by this court), for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

Defendant [appellant] was charged in a two count indictment, the first count charging that he made an assault upon a female child under the age of sixteen years, that is, of the age of ten years, with intent to commit carnal knowledge,[1]

---

1. Title 22, § 501, D.C.Code (1951): "Every person convicted of any assault with intent to kill or to commit rape, or to commit robbery, or mingling poison with food, drink, or medicine with intent to kill, or wilfully poisoning any

and the second count charging petit larceny.[2]

The trial court, in its charge, instructed the jury that, in the event they found the defendant not guilty under the count charging assault with intent to commit carnal knowledge, they should proceed to consider whether the defendant was guilty or not guilty of the offense of taking indecent liberties with a child [the Miller Act],[3] that offense being considered by the trial court to be an offense included under the first count of the indictment. The jury found defendant guilty of the lesser crime of taking immoral, improper or indecent liberties. After sentence, this appeal followed.

Appellant contends that the taking of indecent liberties with children [§ 22–3501(a)] is not a lesser offense necessarily included in § 22–501, assault with intent to commit rape. Appellant claims there are two different groups of sex offenses: those involving force, such as rape, assault with intent to commit rape, and attempted rape; and those which do not require force, such as indecent acts with children, fornication, seduction, indecent exposure, homosexual conduct, and sodomy.

The omission of the words "force" and "assault" from § 22–3501(a) does not prevent the crime of taking indecent liberties from being a lesser offense included under § 22–501, assault with intent to commit carnal knowledge. Those words are not a necessary element to the commission of the crime under §

22–3501(a). An assault with intent to commit carnal knowledge on a child is most certainly the taking of indecent liberties with a child, but with the intent of going far beyond the liberties referred to in § 22–3501(a). The intent to commit carnal knowledge is to take indecent liberties plus an intent much more vicious, violent or aggravated.

In Thompson v. United States, 1955, 97 U.S.App.D.C. 116, 117, 228 F.2d 463, 464, this court recognized the relationship between these sex offenses and stated:

"From a consideration of these provisions, appellant argues that Congress intended to keep the provisions of § 22–3501(a) separate and apart from the provisions of § 22–2801 in order to insure the enforcement of the greater offense. The House and Senate Reports having reference to the Miller Act make it clear that Congress considered the carnal knowledge statute inadequate, hence the provisions strengthening the laws as they relate to sex offenses against children.

"There is no reason why the two counts cannot be joined if the jury is told, as it was here, that it could not find the defendant guilty of both counts and could find him guilty of the Miller Act violation only if he was found not guilty of carnal knowledge."

Here the jury evidently concluded that there was no intent to commit carnal knowledge on the part of the defendant;

well, spring, or cistern of water, shall be sentenced to imprisonment for not more than fifteen years."

Assault on a female under the age of sixteen years, with intent to carnally know her, is punishable under this section as an assault with intent to commit rape. Sanselo v. United States, 1916, 44 App.D.C. 508.

2. Title 22, § 2202, D.C.Code (1951). During the course of trial, a judgment of acquittal was directed as to the petit larceny count.

3. Title 22, § 3501(a), D.C.Code (1951): "Any person who shall take, or attempt to take any immoral, improper, or inde-

cent liberties with any child of either sex, under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt, to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years."

but just as evidently, concluded that there was an intent to take "immoral, improper or indecent liberties" with the child. It seems clear from the legislative history of § 22–3501(a) (see Thompson, supra, and the relation of the two sections) that the offense proscribed by § 22–3501(a) is included within the offense proscribed by § 22–501.

In Lamore v. United States, 1943, 78 U.S.App.D.C. 12, 136 F.2d 766, the court held that larceny was an offense included in an indictment charging robbery, appellant there having been indicted for robbery and convicted of larceny. The court called attention to Section 1035 of the Revised Statutes (18 U.S.C. § 565),[4] which provided:

> "In all criminal causes the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offense so charged, if such attempt be itself a separate offense."

Accordingly, we held that it was well settled "both at common law and in the uniform practice of the courts throughout the United States" that conviction of larceny on an indictment of robbery was permissible.

In Rutkowski v. United States, 6 Cir., 1945, 149 F.2d 481, 482, the court cited Lamore, and used the following language:

> "Under the statute involved here, to sustain the robbery charge, evidence of forcible taking or a taking by putting the individual robbed in fear, is essential, while to sustain the charge of felonious taking only the elements of ordinary larceny need be proved. Other and additional proof than that needed for

larceny is required to establish the crime of robbery, and in this sense the two offenses are distinct and separate. If the crime of robbery has been made out, however, no additional proof is required to establish the crime of larceny. There may be larceny without robbery, but there can be no robbery without larceny, for robbery includes larceny. Lamore v. United States, 78 U.S. App.D.C. 12, 136 F.2d 766. Robbery is in fact larceny committed by violence, and includes stealing and asportation as well as assault. Bertsch v. Snook, 5 Cir., 36 F.2d 155; Costner v. United States, 4 Cir., 139 F. 2d 429."

■ The proper procedure was followed by the trial court in the case before us in instructing the jury that, if they found that the defendant was not guilty on the count charged, they should then consider the lesser included offense. See the quotation from Thompson, supra.

■ Appellant further complains that the court did not give an instruction to the effect that the jury could find him guilty of simple assault. The short answer to this is that request for such an instruction was not made; and his counsel frankly stated at the oral argument of this case that he did not overlook this but that, for reasons deemed adequate by him —probably reasons of strategy—he purposely made no such request. Assuming *arguendo* that such an instruction would have been proper under the circumstances of this case, appellant cannot be heard to complain that such an instruction was not given. He not only failed to ask for the instruction, but deliberately refrained from doing so.

We find no merit in appellant's other grounds urged for reversal.

Affirmed.

---

4. The substance of this section is now included in Fed.R.Crim.P. 31(c), 18 U.S. C.A.: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."