**Allen ALLISON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21862.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 19, 1968.

Decided Feb. 17, 1969.

---

Mr. Gilbert C. Miller, Washington, D. C. (appointed by this court) for appellant. Mr. Lucien Hilmer, Washington, D. C. (appointed by this court) also entered an appearance for appellant.

Mr. Robert P. Watkins, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before DANAHER *, McGowan and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant was charged in a two count indictment with (1) assault with intent to commit carnal knowledge [1] and (2) taking indecent liberties with a minor child.[2] After a trial, the jury returned verdicts of guilty on the former count and not guilty on the latter. Appellant here contends that his motion for judgment of acquittal should have been granted as to count 1, on the grounds that the Government failed to prove the elements of the offense and that the complaining witness's testimony was not sufficiently corroborated.

Mary Brown, the prosecutrix, was eleven years old at the time of the alleged assault. She was walking home with her ten-year old brother, Joseph, and her five-year old cousin, Edward, when appellant stopped the three and took Joseph into his house. Mary and Edward followed. Appellant gave Joseph some money and sent him to the store for some sodas. As Mary was leaving the house with the two boys, appellant grabbed her and slammed the door. After trying to kiss her, he put a white shirt on the couch and threw her upon it. Some wrestling and screaming ensued, during which, in Mary's words, appellant threatened to "cut my neck off" if she continued to scream. Mary testified that appellant then "opened his zipper and

* Circuit Judge Danaher became Senior Circuit Judge on January 23, 1969.

1. D.C.Code § 22–501 (1967) provides, in pertinent part:

    Every person convicted of any assault with intent to kill or to commit rape * * * shall be sentenced to imprisonment for not more than fifteen years. * * *

    In Sanselo v. United States, 44 App.D.C. 508, 511 (1916), we held that assault with intent to commit carnal knowledge of a minor child was punishable under the predecessor of § 22–501.

2. D.C.Code § 22–3501(a) (1967) provides:

    Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years.

took out his private,"[3] got on top of her, and "tried to pull my pants down." At about that point, Joseph and Edward returned with the sodas. Finding the door closed and hearing the screams of his sister, Joseph looked through the keyhole and saw appellant on top of Mary, holding her down on the couch. He banged and kicked on the door. Mary apparently freed herself and ran to the door, where Joseph told her how to open it. As Mary ran out, Joseph gave appellant the sodas and the change and then ran home with Edward.

Shortly afterwards, Miss Nettie Farrow went to Mary's house to find out why she was crying. Mary told her that "some man had pulled her in the house." During this time Mary "looked like she was in hysterics." Miss Farrow and Mary then left to find a policeman. Officer Geffen testified that he was summoned by Mary, who was waving her arms and yelling for the police. She was crying and appeared "emotionally upset, sort of hysterical." Over the objection of defense counsel, Officer

Geffen was permitted to testify that Mary told him "that a man had taken her in his room and laid her on a couch, and dropped his pants and tried to put his private in her."[4] Appellant was subsequently arrested.

## I.

Our reading of the transcript and review of the controlling case law compels us to conclude that there was insufficient corroboration to sustain a conviction of assault with intent to commit carnal knowledge.

A. It is the law of this jurisdiction that no person may be convicted of a "sex offense" on the uncorroborated testimony of the alleged victim.[5] As a general rule, corroboration is required as to both (1) the corpus delicti and (2) the identity of the accused.[6] In both instances, the corroboration need not be "direct" (i.e., the testimony of an eye-witness);[7] rather, it may consist of "circumstances in proof which tend to support the prosecutrix' story * * *."[8]

---

3. According to the testimony of Mary and Joseph, appellant never removed any of his clothing.

4. When pressed on cross-examination as to whether Mary had said the man "dropped his pants," Officer Geffen replied, "To that effect, yes."

5. *E.g.*, Kidwell v. United States, 38 App. D.C. 566, 573 (1912) (rape) ; Fountain v. United States, 98 U.S.App.D.C. 389, 391, 236 F.2d 684, 686 (1956) (assault with intent to commit carnal knowledge) ; Wilson v. United States, 106 U.S.App. D.C. 226, 271 F.2d 492 (1959) (taking indecent liberties) ; Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952) (invitation for immoral purpose).

6. Calhoun v. United States, 130 U.S.App. D.C. 266, 268, 399 F.2d 999, 1001 (1968) ; Thomas v. United States, 128 U.S.App. D.C. 233, 234, 387 F.2d 191, 192 (1967) ; Franklin v. United States, 117 U.S.App. D.C. 331, 334, 330 F.2d 205, 208 (1964) ; Wilson v. United States, *supra* note 5 (corpus delicti) ; Walker v. United States, 96 U.S.App.D.C. 148, 151–154, 223 F.2d 613, 616–619 (1955). *See* Note,

Corroborating Charges of Rape, 67 Co-LUM.L.REV. 1137 (1967).

7. Walker v. United States, *supra* note 6; Ewing v. United States, 77 U.S.App.D. C. 14, 16–17, 135 F.2d 633, 635–636 (1942), cert. denied, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943); Kidwell v. United States, *supra* note 5.

8. Ewing v. United States, *supra* note 7, 77 U.S.App.D.C. at 17, 135 F.2d at 636; *accord*, Walker v. United States, *supra* note 6, 96 U.S.App.D.C. at 152, 223 F. 2d at 617. Among the "circumstances" we have deemed corroborative are the following: (1) medical evidence and testimony, (2) evidence of breaking and entering the prosecutrix' apartment, (3) condition of clothing, (4) bruises and scratches, (5) emotional condition of prosecutrix, (6) opportunity of accused, (7) conduct of accused at time of arrest, (8) presence of semen or blood on clothing of accused or victim, (9) promptness of complaints to friends and police, (10) lack of motive to falsify. This list, of course, is not exhaustive, and the corroboration in each case "must be evaluated on its own merits." Bailey & Humphries v. United States, 132 U.S.App. D.C. 82, 405 F.2d 1352 (1968).

Although the requirement of corroboration as to identity may be relaxed in certain circumstances,[9] we have never diluted the requirement that the corpus delicti be corroborated.[10] Indeed, we have shown a special concern for corroboration of the corpus delicti in cases involving young girls; our "traditional skepticism"[11] towards the accusations of children has prompted us to hold that the corpus delicti in the case of assault with intent to carnally know may not be established by the victim's spontaneous declarations.[12]

■ Since no question is here raised concerning identification, our only task is to evaluate the sufficiency of corroboration as to the corpus delicti. It is clear that the corpus delicti in a given case consists of all the material elements of the crime charged.[13] We pass, therefore, to a discussion of the material elements of an assault with intent to commit carnal knowledge.

■ B. Our starting point is Hammond v. United States, 75 U.S.App.D.C. 397, 127 F.2d 752 (1942), wherein we set forth the elements of an assault with intent to commit rape as follows: "(1) an assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry into effect this intent with force and against the consent of the female." 75 U.S.App.D.C. at 398, 127 F.2d at 753. When the intended victim is a child under the age of 16, the third element is dispensed with,[14] so that intent to use force need not be alleged or proved.[15] We are left, therefore, with two elements (plus the fact of the prosecutrix' minority), as to the first of which appellant apparently concedes the record contains sufficient corroboration. It is his "intent to have carnal knowledge" that he argues was not proved and, if proved, not corroborated.

■ Putting aside for a moment the matter of corroboration, we have no doubt that the Government's case estab-

---

9. "[I]n the circumstances of a particular case, a convincing identification by the complaining witness based on adequate opportunity to observe need not be further corroborated * * *." Franklin v. United States, *supra* note 6, 117 U.S.App.D.C. at 335, 330 F.2d at 209; *accord*, Thomas v. United States, *supra* note 6; Calhoun v. United States, *supra* note 6.

10. The reason for this, as recognized in all three of the cases cited in note 9 above, is that the danger of a fabricated rape is of greater magnitude than the danger of erroneous identification.

11. Wilson v. United States, *supra* note 5, 106 U.S.App.D.C. at 227, 271 F.2d at 493.

12. *Id.*; Franklin v. United States, *supra* note 6.

13. *See, e.g.*, Ercoli v. United States, 76 U.S.App.D.C. 360, 363, 131 F.2d 354, 357 (1942); George v. United States, 75 U.S.App.D.C. 197, 201, 125 F.2d 559, 563 (1942); Forte v. United States, 68 App.D.C. 111, 118, 94 F.2d 236, 243, 127 A.L.R. 1120 (1937).

　Doubts cast upon the vitality of *Ercoli* and *Forte* by the Supreme Court's deci-

sions in Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308 (1954) and Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954), do not touch upon the problem here considered.

14. D.C.Code § 22–501 (1967), quoted in note 1 *supra*, must be read in conjunction with the definition of rape contained in § 22–2801, which provides in pertinent part:

　Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for not more than thirty years * * *.

15. Sanselo v. United States, *supra* note 1. *Cf.* Beausoliel v. United States, 71 App.D.C. 111, 115, 107 F.2d 292, 296 (1939), where we held that, in proving a simple assault upon a child, "it is immaterial whether there is submission or resistance thereto." *Compare* Baber v. United States, 116 U.S.App.D.C. 358, 324 F.2d 390 (1963), cert. denied, 376 U.S. 972, 84 S.Ct. 1139, 12 L.Ed.2d 86 (1964), where we reversed a conviction of assault with intent to rape an adult female because the Government failed to establish purpose to use force.

lished an intent to commit carnal knowledge. According to the testimony of the prosecutrix, appellant grabbed her, attempted to kiss her, threw her on a couch upon which he had placed a white shirt, threatened to harm her if she screamed, exposed himself, got on top of her, and attempted to remove her pants. If this testimony were corroborated it would surely support a jury finding that, beyond a reasonable doubt, appellant entertained the intention to carnally know the prosecutrix.[16]

C. Although parts of Mary Brown's testimony were, of course, corroborated, the record is barren of *corroboration* as to the material facts indicating an intent to commit carnal knowledge. We have the testimony of Joseph that he (1) heard his sister screaming and (2) saw appellant on top of her on the couch. We have the testimony of Miss Farrow and Officer Geffen, which tend to show (1) Mary's prompt reports to a friend and the police and (2) her distraught and emotional condition. Finally, the record discloses no apparent motive for Mary to fabricate her story.[17] Certainly

this corroboration would support a conviction of taking indecent liberties. But it could not withstand a motion for judgment of acquittal as to assault with intent to commit carnal knowledge.

■ There is no corroboration as to most of what purportedly took place in appellant's apartment, including most significantly appellant's attempts to kiss Mary, his exposure of himself, and his attempts to remove her clothing.[18] Since, therefore, the corpus delicti was uncorroborated, appellant's conviction of assault with intent to commit carnal knowledge cannot stand.

II.

We come now to the question of disposition. Guided by our decision in *Austin v. United States*, 127 U.S.App. D.C. 180, 382 F.2d 129 (1967), we have concluded that the cause should be remanded with instructions to enter a judgment of guilty of taking indecent liberties with a minor child. We discuss below the problems such disposition may seem to raise.

A. In *Austin*, we construed 28 U.S.C. § 2106 (1964) [19] as authorizing federal

16. Appellant argues that, where the evidence does not exclude every reasonable hypothesis other than an intent to have intercourse, the case cannot withstand a motion for judgment of acquittal. *See* Hammond v. United States, 75 U.S.App. D.C. 397, 398, 127 F.2d 752, 753 (1942). But the *Hammond* test was, in effect, abrogated by Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947), which established the prevailing standards in this jurisdiction. In *Curley* we specifically disapproved the implications of *Hammond* that, unless the evidence excludes the hypothesis of innocence, the trial court must direct a verdict of not guilty, and that, if a reasonable mind might fairly conclude either innocence or guilt, a verdict of guilty must be reversed on appeal. *Cf.* Holland v. United States, 348 U.S. 121, 138, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

17. Her testimony did indicate, however, that she may have been particularly impressionable. On direct examination, Mary had used the words "rape" and

"penis." She explained on cross-examination that she had learned the former word prior to the alleged incident from her cousin, who "had told me what had happened to her," and the latter word from the Assistant United States Attorney prosecuting the case. Mary also stated that at the time of appellant's alleged assault upon her the incident related by her cousin was fresh in her mind. Tr. 61.

18. Mary's statements to Officer Geffen, although admissible as spontaneous exclamations, Wheeler v. United States, 93 U.S.App.D.C. 159, 211 F.2d 19 (1953), cert. denied, 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140 (1954); Beausoliel v. United States, *supra* note 15, are not corroborative of her testimony. See notes 10 & 11 *supra* and accompanying text.

19. Section 2106 provides, in pertinent part:
The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order

appellate courts to modify a criminal judgment by reducing the conviction to that of a lesser included offense. We emphasized, however, that the circumstances in which such authority may be exercised are limited. It must be clear (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused. We have already concluded that the evidence in the instant case fails to support an element of assault with intent to commit carnal knowledge. Further analysis persuades us that it does sustain all the elements of taking indecent liberties with a minor child, that this is a lesser included offense of the assault crime, and that no undue prejudice will result to appellant by our directing entry of a judgment of guilty as to the lesser included offense.

■■ ■■ The elements of the offense [20] are (1) taking immoral, improper, or indecent liberties with (2) a child under the age of 16, (3) with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the child or of the accused. As we have already suggested,[21] the record sustains all the elements of this offense. The corroborated testimony of Mary

Brown surely supports an inference that appellant intended at least to arouse or gratify his own sexual desires. And, in this context, holding a young girl on a couch and getting on top of her certainly constitutes taking indecent liberties with her.

■■ Our decisions leave no doubt that the crime of taking indecent liberties is a lesser included offense of assault with intent to commit carnal knowledge.[22] As we stated in Younger v. United States, 105 U.S.App.D.C. 51, 52, 263 F.2d 735, 736, cert. denied, 360 U.S. 905, 79 S.Ct. 1289, 3 L.Ed.2d 1257 (1959):

> An assault with intent to commit carnal knowledge on a child is most certainly the taking of indecent liberties with a child, but with the intent of going far beyond the liberties referred to in § 22–3501(a). The intent to commit carnal knowledge is to take indecent liberties plus an intent much more vicious, violent or aggravated.

Finally, aside from the former jeopardy issue disposed of below, we perceive no possible prejudice to appellant as a result of our disposition. As in *Austin*, appellant here had full notice of his potential liability for the lesser crime. There is no indication that defense presentation would have been altered had the assault with intent charge been dismissed at the close of the Government's case. For added precaution, however, our re-

of a court * * * and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

20. D.C.Code § 22–3501(a) (1967) is set forth in note 2 *supra*.

21. See text following note 17 *supra*.

22. Younger v. United States, 105 U.S.App.D.C. 51, 52, 263 F.2d 735, 736, cert. denied, 360 U.S. 905, 79 S.Ct. 1289, 3 L.Ed.2d 1257 (1959); *see* Dozier v. United States, 127 U.S.App.D.C. 266, 382 F.2d 482 (1967); Whittaker v. United States, 108 U.S.App.D.C. 268, 281 F.2d 631 (1960). The dictum in Fuller v. United States, 132 U.S.App.D.C. ——,

407 F.2d 1199 (*en banc*, 1968), cert. denied, 393 U.S. 1120 (1969), is not to the contrary. The inconsistency there referred to is by operation of statute, D.C.Code § 22–3501(d) (1967), not by virtue of logic, as is the case with larceny and receiving stolen goods. Thus, whereas simultaneous verdicts of guilty may not be returned as to both assault with intent to commit carnal knowledge and taking indecent liberties, nothing in the statute requires that a verdict of guilty as to one be accompanied by a verdict of not guilty as to the other. The proper procedure, as noted *infra* in the text, is to return a verdict as to taking indecent liberties *if and only if* defendant is found not guilty of assault with intent to commit carnal knowledge.

mand order, like that in *Austin* will accord permission to the trial judge to grant a new trial if he deems it to be in the best interest of justice.

B. The trial court correctly instructed the jury that, in the event they found the defendant guilty of assault with intent to commit carnal knowledge, they were not to consider the taking indecent liberties count.[23] Apparently confused by the judge's subsequent statement that the two counts were inconsistent [24] and by the clerk's query as to both counts,[25] the jury nonetheless returned verdicts of guilty as to count one *and* not guilty as to count two. The question, then, is whether the jury's gratuitous verdict on count two clothes appellant with former jeopardy protection and precludes us from directing the entry of judgment on that count.

■ We alluded to a similar problem in the recent case of Fuller v. United States, 132 U.S.App.D.C. ——, 407 F.2d 1199 (*en banc*, 1968), *cert. denied*, 393 U.S. 1120 (1969). In holding that a jury may be permitted, in certain circumstances, to render separate verdicts as to separate homicide offenses, we reasoned that a rule *requiring* the jury to register an acquittal of the one offense (*e. g.*, premeditated murder) if they return a conviction on the other (*e.g.*, felony-murder) might ultimately spawn a range of double jeopardy contentions.[26] We hypothesized that, if the felony-murder conviction were later reversed for insufficient evidence as to the felony, the defendant could argue that he may not be retried for premeditated murder since the jury had acquitted him of that

charge.[27] Whatever may be the merits of such an argument, the instant case presents no such problem. The jury here was not *required* to acquit of taking indecent liberties in order to convict of assault with intent to commit carnal knowledge; indeed, the jury was specifically *prohibited* from even considering the former if the appellant were to be found guilty of the latter. In these circumstances, the jury's announced verdict of not guilty on count two, a gratuitous result of the confusion, must be regarded as a nullity.[28] We may, therefore, dispose of the case as if no verdict had been announced on the indecent liberties count.

This disposition is plainly in the interest of justice; the verdict of acquittal did not reflect a finding of fact in defendant's favor, but an (inaccurate) legal supposition that the conviction of defendant for his carnal knowledge intent necessarily carried as a corollary a verdict negativing indecent liberties intent. In appealing to this court for correction of errors of law, including the error of the trial judge in presenting carnal knowledge to the jury, defendant submits himself to a rectification that puts him in the position he was entitled to occupy at trial. Appellant stands in the same legal position as one who had been found guilty only of carnal knowledge.

■ The cause will be remanded to the District Court with directions to enter a judgment of guilty of taking indecent liberties with a minor child and to sentence accordingly, unless the District Court determines to grant a new trial in the interest of justice.

So ordered.

---

23. Tr. 170. *See* Dozier v. United States, *supra* note 22; Whittaker v. United States, *supra* note 22; Younger v. United States, *supra* note 22; Thompson v. United States, 97 U.S.App.D.C. 116, 228 F.2d 463 (1955).

24. Tr. 170.

25. Tr. 176.

26. 132 U.S.App.D.C. at —— & n. 19, —— n. 45, 407 F.2d at 1224–1225 & n. 19, 1231 n. 45.

27. 132 U.S.App.D.C. at —— n. 19, 407 F.2d at 1225 n. 19.

28. *Cf.* Cambria v. Jeffery, 307 Mass. 49, 29 N.E.2d 555 (1940), a leading case holding that a gratuitous finding by the trial court has no effect as a prior adjudication for purposes of collateral estoppel, and Purpora v. Coney Island Dairy Prods. Corp., 262 App.Div. 908, 28 N.Y.S.2d 1008 (2d Dep't 1941), to the same effect as *Cambria* but involving a gratuitous jury verdict.