**Ernest Lee BRASWELL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22127.**

United States Court of Appeals District of Columbia Circuit.

Argued March 17, 1969.

Decided May 20, 1969.

Miss Marsha E. Swiss and Mr. Jack C. Sando, Washington, D. C., with whom Mr. Mark B. Sandground, Washington, D. C., was on the brief, for appellant.

Mr. James E. Sharp, Asst. U. S. Atty., of the bar of the Supreme Court of Oklahoma, pro hac vice, by special leave of court, with whom Mr. David G. Bress, U. S. Atty., and Mr. Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and ROBINSON, Circuit Judge.

PRETTYMAN, Senior Circuit Judge.

Braswell was indicted, tried by a jury, convicted, and sentenced to serve three to five years for assault with intent to commit robbery. The controversy revolves about the phrase "with intent to commit robbery". Braswell says that, whatever may be the evidence of an assault, there is no shred of evidence of intent to commit robbery. Therefore he says the trial court erred, first, when it sent the issue of intent to commit robbery to the jury and, second, when it refused, although requested to do so, to instruct on simple assault, a lesser included offense. Braswell has been incarcerated for about a year.

Upon the oral argument here, the Principal Assistant United States Attorney formally advised the court that, if we should decide to remand the case, no further prosecution would be undertaken.

The basic story is simple. A young woman en route home on a winter evening (January 9th) was accosted at about eleven o'clock on the front porch of her house as she attempted to put the key in her front door. She was then seized by the man, said to have been Braswell, and the two tussled for an estimated fifteen minutes, first on her front porch and then on a neighbor's. Her pocketbook, which she said contained some $21.00, became disengaged from her arm and was later found in the street, empty. She did not feel the purse being pulled from her arm. When a male neighbor intervened, Braswell walked away. Another of her acquaintances, happening to be in the neighbor-hood, detained Braswell, and a policeman, responding to a call, placed him under arrest about a block from the scene of the initial incident.

We get to the point of the case more easily and quickly if we summarize a few features of the evidence rather than attempt to relate it in chronological or other order. Neither participant in the extended encounter used language indicative of an intent or an attempt to rob. The woman testified at one point that the man said "No more than, hey, come here, girl. This is his repeating words." And at another point she said he threatened to cut her throat. To a neighbor she said, "This man attacked me." Later she said to witnesses that he intended to rob her, but that was an appraisal supplied by her and is not evidence of his state of mind. No money was found on him; the pocketbook was in the street. Braswell is a large man, weighing some 196 pounds, whereas the woman is "on the small side", about 110 pounds. If the intent were robbery and the pocketbook was hanging on her arm, an extended struggle between the two is not indicated. Braswell did not run; he walked away and apparently remained quiescent in a passerby's custody until the police arrived. The police report was simply for "hold for arrest". In short, the record reveals a paucity of evidence on intent to rob.

■ After the closing arguments and the formal charge had been made to the jury, defense counsel, in response to the routine question as to his satisfaction, said "I think that there might be a place here for a charge on simple assault." The trial judge declined to give the charge, partly, he said, because it should have been made earlier and partly because it would have emphasized unduly the possibility of a compromise verdict. Rule 30 of the Criminal Rules provides that objections to instructions must be made before the jury leaves the room. In the present case this was done, and so the request was timely. But the trial judge has a measure of discretion in

such a matter, and we are not inclined to disturb his judgment in it.

As we have said, Braswell has been incarcerated for a year. We construe the prosecutor's volunteered statement to us (which we commend) to be an expression of opinion that the requirements of justice have been met in this case. Therefore, in the light of all the circumstances as revealed by the record, and exercising power under Title 28, Section 2106, of the Code, we are constrained to remand the case. For that purpose the judgment of conviction will be set aside.[1]

So ordered.

BAZELON, Chief Judge (concurring in the result):

Since we find a lack of evidence on intent to rob, I think we must reverse the conviction for that reason.

Mr. Robert W. Healy, Washington, D. C., with whom Mr. Thomas W. Fletcher, Washington, D. C., (both appointed by this court) was on the brief, for appellant.

Mr. Lawrence S. Margolis, Asst. U. S. Atty., with whom Mr. David G. Bress, U. S. Atty. at the time the brief was filed, Mr. Frank Q. Nebeker, Asst. U. S. Atty. at the time the brief was filed, and Mr. James A. Strazzella, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

1. *Cf.* Allison v. United States, 133 U.S.App.D.C. 159, 409 F.2d 445 (1969).