JOURNAL ENTRY AND OPINION
Defendant-appellant Victor Vaughn appeals his jury trial conviction for robbery in violation of R.C. 2911.02.
In June of 2001, defendant stole a young woman's purse as she was walking late at night in the Cedar-Lee area of Cleveland Heights. She resisted his attempt, so he struck her on the back of her neck. A month later, he robbed another young woman of her purse late at night in the same neighborhood. Although he did not strike her, he told her and her friend, "just give me your purses so I don't have to hurt you." Tr. at 146. He then grabbed the purse she had strapped across her chest, proceeded to push her girlfriend and rip the purse off the girlfriend's shoulder, and ran off. A month after that, he again robbed another young woman of her purse late at night in the same neighborhood. Grabbing her purse off her shoulder, he said, "don't worry, just give it to me." Tr. at 174.
Shortly after the third robbery, he was arrested when a police officer recognized him from a description the last victim had given him. All three victims picked out the defendant from a photo lineup. He was found guilty in a jury trial, after which the court was given notice of his prior convictions and repeat violent offender status. The court sentenced him to five years for each count, to be served concurrently.
Defendant states six assignments of error. For his first assignment of error, defendant states:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN DISCOVERY WAS NOT PROVIDED.
Defendant claims that the state did not provide him with the color photo array used by the victims to identify him and that this omission was prejudicial to his defense. Instead, he states, the state gave him only a black and white photocopy of the photo array. Because the photocopy did not reveal characteristics like skin tones, he argues he was prejudiced in his defense. Defendant and his counsel did not view the color photo array until the day before trial. He maintained a continuing objection to the use of the photo array during the trial and now claims that its use was reversible error. The state does not dispute that the photo array was not available to defendant until the day before trial.
When ruling on defendant's objection to the use of the photo array, the court stated at side bar:
 If the array was just presented yesterday for review, it's the Court's opinion that the defense could have asked for a continuance so they might study it, or decide whether they want to move for suppression or voir dire, and the Court sees no prejudice to the defense, since its counsel did see the array prior to the trial beginning, and did not request an extension of time so that they could further prepare any arguments with regard to it, and that is why the objection was overruled.
Tr. at 197.
Defendant's objection was based on Crim.R. 16, which states in pertinent part:
 Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph * * * photographs * * * available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial * * *.
Crim.R. 16(B)(1)(c). Further, the rule states:
 If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule * * * the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
Crim.R. 16(E)(3).
However, the admission or omission of evidence at trial is in the discretion of the trial court. "It is well established that a trial court possesses broad discretion as to the admissibility or exclusion of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, a reviewing court will not interfere." State v. Wallace (July 8, 1999), Cuyahoga App. No. 74474, unreported, 1999 Ohio App. LEXIS 3247, at *16, citing State v.Maurer (1984), 15 Ohio St.3d 239. See, also, State v. Rogers (Nov. 16, 2000), Cuyahoga App. No. 77723, unreported, 2000 Ohio App. LEXIS 5332;State v. Hood (Dec. 16, 1999), Cuyahoga App. No. 75210, unreported, 1999 Ohio App. LEXIS 6066; State v. McCray (1995), 103 Ohio App.3d 109.
A review of the photo array shows that any distinguishing differences between the men in the pictures were clearly visible in the photocopy. The skin tones of the men are very similar: the primary differences in the pictures are whether the men are smiling or wearing glasses. Defendant not only concedes that he had the photocopy of the array, he also fails to demonstrate any prejudice incurred by the late disclosure of the color copies of the pictures. The defendant was positively identified in court by each of the victims and defendant does not dispute the accuracy of these identifications. Given the overwhelming evidence identifying defendant as the robber in this case, the first assignment of error is overruled.
For his second assignment of error, defendant states:
 II. DEFENDANT WAS DENIED A FAIR TRIAL WHEN EVIDENCE CONCERNING HIS PRIOR CRIMINAL INVOLVEMENT WAS OFFERED.
One of the detectives testified that, in making up the photo array, he found an old picture of the defendant from a prior arrest.[1] Defendant now argues that this statement was prejudicial to him because it informed the jury that he had been arrested prior to this case.
First we note that defendant failed to object to this statement during trial. Therefore we examine the alleged error under the plain error standard. "Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right. Crim.R. 52(B). Under this standard, reversal is warranted only if the outcome of the trial clearly would have been different absent the error." State v. Lindsey
(2000), 87 Ohio St.3d 479, 482, citing State v. Long (1978),53 Ohio St.2d 91, syllabus paragraph two.
The detective's reference was brief and the testimony clearly demonstrated that the photo file the police department kept was of people who had been arrested but were not all indicted or convicted of crimes. The detective also stated that the photo was so old that it would no longer have been an accurate representation of the defendant. Further, defendant failed to demonstrate any prejudice resulting from the detective's reference to his prior arrest.
Because defendant has failed to meet the plain error criteria, the second assignment of error is overruled.
Defendant's third and fourth assignments of error are related and will be addressed together. For his third assignment of error, defendant states:
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO INSTRUCT PROPERLY ON ALL ELEMENTS OF THE OFFENSE.
For his fourth assignment of error, defendant states:
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT CONSTRUCTIVELY AMENDED THE INDICTMENT IN ITS JURY INSTRUCTIONS.
Defendant argues that the trial court committed two errors in its jury instructions. First, he notes that the court omitted the words "offense" and "immediately" in part of the instruction. Second, he claims that the court did not give a complete instruction for "attempt." Defendant further asserts that the changes made by the court in the jury instructions effectively changed the terms contained in the indictment.
The indictment states in pertinent part that defendant,
 did, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense upon [victim], inflict, or attempt to inflict, or threaten to inflict physical harm on [the victim.]
The trial court's jury instructions stated:
 The defendant is charged with robbery. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about [the days of the robberies] the defendant knowingly obtained or exerted control over property of another without their consent, with purpose to deprive that person of the property, and that in attempting to obtain the property, or obtaining the property, or in fleeing after the property, the defendant did also inflict, or attempt to inflict, or threatened to inflict physical harm upon either of the three victims.
Tr. at 266. (Emphasis added.) The court clearly omitted the word "obtaining" in the clause "in fleeing after the property." The court also omitted the word "immediately" before the word "fleeing," as written in the indictment. Defendant now alleges that these omissions deprived him of his due process rights because they constituted a failure to properly instruct on all the elements of the offense and constituted a constructive amendment to the indictment.
Again, we note that defendant failed to object to these jury instructions at the time they were given. Crim.R. 30 states in pertinent part:
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.
If the error not objected to affects a substantial right of the defendant, however, a defendant may appeal under the plain error standard. Crim.R. 52(B) states, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The use of plain error is quite limited, however. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, syllabus paragraph three.
Although the omission of the words in the jury instructions is unfortunate, it did not create a manifest miscarriage of justice. Ample evidence existed to support a conviction under the other two alternative elements of the offense, attempting to obtain property or obtaining property. Even if the jury did not consider the "fleeing after obtaining property" alternative element of the offense, the conviction may stand.State v. Avery (1998), 126 Ohio App.3d 36, 49, notes "the United States Supreme Court has also held that when a jury returns a verdict on an indictment charging several acts in the conjunctive, the verdict can stand as long as the evidence is sufficient with respect to any of the acts charged." Id., citing Turner v. United States (1970), 396 U.S. 398. Sufficient evidence exists in the case at bar to support the conviction.
Defendant also claims that the error in the jury charge changed the offense from what was listed in the indictment. The change was too minor, however, to constitute a change of the indictment. The charge as stated gave the jury clear notice of the elements of the offense.
Defendant also claims that the trial court's instruction on "attempt" was inadequate. The court stated:
 In the charge it's [sic] attempt to commit a theft offense, and attempt to inflict physical harm, so attempt is defined as follows; [sic] no person shall, when purpose or knowledge is sufficient culpability for the commission of an offense, engage in conduct, which, if successful, would constitute or result in that offense.
Tr. at 268.
The jury instruction for attempt contained in the Ohio Jury Instructions states as follows:
 The defendant is charged with an attempt to commit the offense of (specify offense). Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the ___ day of ___, ___, and in ___ (County) (other jurisdiction), Ohio, the defendant (purposely)(knowingly) engaged in conduct which, if successful, would have (constituted) (resulted in) the commission of the offense of (specify offense).
Ohio Jury Instructions, Section 523.02, at 570.
Although the court omitted the reasonable doubt standard as well as the date and location of the offense, from the attempt instruction, this information was provided elsewhere in the jury instructions. In the robbery instruction, which preceded the instruction for attempt, the court specified the dates and locations of the offenses. The court also defined reasonable doubt for the jury and instructed them that "the presumption of innocence is only overcome when you, as a jury, find the proof is such as to exclude every reasonable doubt of the guilt of the defendant." Tr. at 260. The fact that the court did not repeat this information in the attempt instruction does not constitute a manifest miscarriage of justice. The third and fourth assignments of error are overruled.
For his fifth assignment of error, defendant states:
V. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
When alleging ineffective assistance of counsel, a defendant has a two-pronged test to satisfy, as stated in State v. Bradley (1989),42 Ohio St.3d 136, syllabus paragraphs two and three:
 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. [sic] Washington [1984], 466 U.S. 668, followed.)
 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
Defendant alleges that his trial counsel was ineffective in five different ways. First, he argues that counsel erred by not filing a motion to suppress the officer's initial stop of defendant and subsequent eliciting of his social security number. Without defendant's social security number, he argues, the state could not have obtained his driver's license picture to put into the photo array. The record shows, however, that the police stop was justified.
 In Terry v. Ohio (1968), 392 U.S. 1 * * *, the United States Supreme Court held that a police officer may make a brief, warrantless, investigatory stop of an individual without probable cause where the police officer reasonably suspects that the individual is or has been involved in criminal activity. In assessing that conclusion, the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.
State v. Williams (Aug. 30, 2001), Cuyahoga App. No. 78732, unreported, 2001 Ohio App. LEXIS 3835, at *8-9. The defendant was dressed in the same clothes as the person who stole the last victim's purse and he fit the description of that person. He was frequenting the same neighborhood in the same time frame when the purse snatchings took place. These articulable facts justified the stop and subsequent eliciting of the defendant's social security number.
Second, defendant claims that his trial counsel erred when it did not file a motion to suppress his photo identification by the witnesses or to object to the lack of a jury instruction on identification. Even if the photo identification had not been included in the trial, however, the positive in-court identification of the defendant by all three victims would have been adequate evidence of the defendant's identity. No evidence was presented to show that defendant would have been acquitted but for the photo identification. Thus any potential error in failing to file a motion to suppress the photo identification was harmless.
Next, defendant claims that his counsel should have objected to the lack of a jury instruction on identification. The Ohio Supreme Court has held that:
 A trial court is not required in all criminal cases to give a jury instruction on eyewitness identification where the identification of the defendant is the crucial issue in the case and is uncorroborated by other evidence. A trial court does not abuse its discretion in deciding that the factual issues do not require, and will not be assisted by, the requested instructions, and that the issue of determining identity beyond a reasonable doubt is adequately covered by other instructions.
State v. Guster (1981), 66 Ohio St.2d 266, syllabus. In the case at bar, the eyewitness identification was corroborated by all three witnesses, making the identification stronger than the one in Guster. None of the witnesses hesitated when identifying the defendant, nor did any of them have vision problems. Further, they were able to view the defendant in good artificial light at a close proximity. "Especially in a case where both the eyewitness identification is reliable and there is no need of such further specific instruction, the trial court is within its discretion to refuse such a request by the defendant." State v. Martin
(Oct. 28, 1999), Cuyahoga App. No. 73456, unreported, 1999 Ohio App. LEXIS 5059, at *20. Therefore, there was no error for counsel to fail to request an instruction on eyewitness identification, nor would it have been error for the trial court to deny the request had it been made.
Defendant also claims that his counsel erred in not requesting that the jury instructions contain instructions on the lesser included offense of theft. He states that because the physical harm element was not present for the second two purse snatchings, the jury should have had the option of considering theft on those charges. Intertwined with this argument is counsel's failure to move for a Crim.R. 29 acquittal. Defendant argues that the failure of the state to prove the physical harm element in two of the charges entitled him to acquittal on those charges.
R.C. 2901.02 defines the offense of robbery:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control;
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 (3) Use or threaten the immediate use of force against another.
 (B) Whoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.
Defendant was found guilty of robbery in the second degree. Because no deadly weapon was involved, his offense must have contained, therefore, the element of inflicting, attempting to inflict, or threatening to inflict physical harm on his victims. He does not dispute the element of physical harm on the first victim whom he struck in the neck. He does, however, dispute that element with the second and third victims.
When he spoke with the second victim and her friend, defendant stated, "just give me your purses so I don't have to hurt you." Tr. at 146. This threat to hurt them if they did not give him their purses qualifies as a threat of serious harm. "The failure of trial counsel to move for a judgment of acquittal under Crim.R. 29 does not constitute ineffective assistance of counsel when the state's case-in-chief links the defendant to the crimes of which he is accused." State v. Small (May 1, 2001), Franklin App. No 00AP-1149, unreported, 2001 Ohio App. LEXIS 1963, at *17. The lack of jury instruction on theft and lack of motion for acquittal for the conviction regarding the second victim, therefore, does not constitute ineffective assistance of counsel.
The case of the third victim is different, however. When he grabbed the victim's purse, the defendant stated only, "don't worry, just give it to me." Tr. at 174. This statement, coupled with the fact that the victim was not harmed, fails to establish the element of physical harm. The jury should have been given, therefore, the option of convicting the defendant on the lesser included offense of theft, as stated in R.C. 2913.02:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
(3) By deception;
(4) By threat;
(5) By intimidation.
 (B)(1) Whoever violates this section is guilty of theft.
Because the defendant was convicted of robbery on this charge, the court's failure to give the jury the option of finding defendant guilty of the lesser charge of theft in regard to the third victim was prejudicial to the defendant.
 If the trier of fact could reasonably reject an affirmative defense and could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is required.
State v. Davis (1983), 6 Ohio St.3d 91, syllabus paragraph two. Moreover, the defendant was deprived of effective assistance of counsel when his attorney failed to request a jury instruction on the lesser included offense of theft. This portion of defendant's fifth assignment of error has merit.
 Numerous courts have concluded that they can direct the trial court to enter judgment on the lesser included offense under these circumstances. See Rutledge v. U.S. 517 U.S. 292; U.S. v. Hunt (1997), 129 F.3d 739; State v. Levingston (1995), 106 Ohio App.3d 433; In re: Thomas York, Minor Child (2001), 142 Ohio App.3d 524.
The court in Hunt addressed the question of the lack of jury instruction on a lesser included offense. It held that the appellate court may direct the entry of judgment for the lesser included offense when it is clear,
 "(1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused." Allison v. U.S., 133 U.S. App. D.C. 159, 409 F.2d 445, 451 (D.C. Cir. 1969) * * *.
Hunt at 745. In the case at bar, the first three criteria are met.
One question remains: whether reducing the conviction to theft will unduly prejudice the defendant. Defendant was sentenced to three concurrent five-year sentences. Two of those sentences will remain as given. Only the sentence for the third conviction will change: the sentence would be reduced from a felony of the second degree to a felony of the fifth degree.[2] We find, therefore, that defendant will suffer no undue prejudice by this court's modification of his third conviction from robbery to theft.
Because there is sufficient evidence to support the conviction on the lesser-included offense of theft, the judgment of the trial court is modified by reducing the third robbery conviction to a conviction for theft, and the cause is remanded for resentencing accordingly. The fifth assignment of error is well taken in part and overruled in part.
For his sixth assignment of error, defendant states:
 VI. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT GRANT A MOTION FOR JUDGMENT OF ACQUITTAL AS THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Defendant argues that the trial court should have granted a motion for acquittal because in two of the three robberies the state did not prove that he inflicted or attempted to inflict physical harm, an essential element of the offense. As noted in his fifth assignment of error, defense counsel never moved for a Crim.R. 29 acquittal. Failure to timely file a Crim.R. 29 motion waives this argument on appeal. State v. Roe
(1989), 41 Ohio St.3d 18, 25. In light of our ruling on the previous assignment of error, however, this issue is moot.
Defendant's fifth assignment of error having been partially sustained, and the others having been overruled or mooted, his conviction for two counts of robbery is affirmed and his conviction for the third count of robbery is reduced to a conviction for theft. This cause is remanded for resentencing, in accordance with this opinion.
Affirmed in part, modified in part, and remanded for resentencing.
It is ordered that appellee and appellant share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., and TERRENCE O'DONNELL, J., CONCUR.
[1] The detective stated that because this photo was so old, he instead used defendant's driver's license photo, which he obtained from the Bureau of Motor Vehicles through defendant's social security number.
[2] The statutory prison term for a fifth degree felony ranges from six to twelve months. R.C. 2929.14(A)(5).